THE STATE, CITY OF ELIZABETH, PROSECUTOR, v. THE CHANCELLOR, THOMAS KING, ELISHA S. FRENCH AND WILLIAM T. DAY.

1. Commissioners of adjustment of taxes, &c., under the act of March 30th, 1886 (*Pamph. L., p.* 149), cannot make re-assessments against lands purchased by the chancellor, under foreclosure of mortgages representing funds in court, where the city was made a party to the proceedings, and answered setting up the taxes and assessments as liens on the lands.

2. Purchasers of such lands from the chancellor, for full value, are also exempt from re-assessments for the same taxes and assessments.

---

On *certiorari* to review an order of the Circuit Court of Union county refusing to confirm the report of commissioners of adjustment of taxes of the city of Elizabeth for the Sixth ward of said city (No. 2) and referring it back to them for correction and revision, by expunging therefrom the assessments, taxes and liens upon and against the lands of the Chancellor of the State of New Jersey, William T. Day, Thomas King and Elisha S. French.

Argued at February Term, 1889, before Justices SCUDDER, DIXON and REED.

For the prosecutor, *Frank Bergen.*

For the defendants, *J. Cross* and *William T. Day.*

The opinion of the court was delivered by

SCUDDER, J.   The commissioners of adjustment for the city of Elizabeth, appointed under the act concerning the settlement and collection of arrearages of taxes, &c., approved March 30th, 1886 (*Pamph. L., p.* 149), having reported assessments against the respective lands of the defendants, objections were made by them which were sustained by the court, and the report referred to the commissioners for correction and revision.   The point of the objection made to these assessments was, that the property sought to be assessed represents funds in the custody of the Court of Chancery, and is consequently exempt from assessment and taxation.   The facts appearing in the returned state of the case, agreed on by the respective counsel, show, that before the time of levying the original taxes and assessments, which the commissioners in their report have attempted to re-impose, the chancellor of the state, in his official capacity, held mortgages upon the lots of land re-assessed, as security for funds in court which had been loaned on mortgages on said property by order of the court; that these mortgages were foreclosed by the chancellor in 1885; that the city of Elizabeth was made a party defendant in the foreclosure proceedings and answered setting up the said taxes and assessments; these were adjudged to be subsequent in order of priority to the lien of the chancellor's mortgages; the mortgaged premises were ordered to be sold to satisfy the mortgages, taxes and assessments in the order of their priority; and at the sales the chancellor purchased the mortgaged lands to secure the funds in court, and for less than the several amounts due upon the decree.   Subsequent to this purchase the chancellor sold and conveyed the lots of land, severally held by the other defendants, for full value.

Cases in our court have established the rule, that the same considerations of public policy, founded on expediency, which

protect investments of the funds of the state from the hazards of the priority of tax liens, apply with equal force to mortgages taken to secure property which the state, in virtue of its sovereignty, has drawn into its courts and caused to be invested in the name of the chancellor, as its agent selected for that purpose. It will not permit such investments, while in its custody, to be impaired or lost by the acts of other public agents through the imposition of taxes, assessments or other rates, for public uses. Hence mortgages securing them are prior liens on lands and superior to municipal taxes and assessments. *Trustees* v. *City of Trenton,* 3 *Stew. Eq.* 618, 667 ;. *Jersey City* v. *Foster,* 5 *Id.* 825.

After such mortgages are given, assessments may still be made on the mortgaged property, subject to these prior claims. secured by this rule of public policy. On foreclosure of the mortgages, when the corporate body levying the assessment is made a party to the proceeding and answers, setting up the taxes as a lien on the land, a decree and sale will discharge the assessment, as in case of other liens and encumbrances on the mortgaged premises, and the purchaser will take title free from such assessment. *Newell* v. *Camden,* 13 *Stew. Eq.* 499, 728.

In the case the city of Elizabeth appeared and answered the bill to foreclose the mortgages held by the chancellor, their right of priority was established, the sale to the complainant discharged the assessments, and the only right of the city was to the surplus after payment of the prior mortgages, if any remained. By this purchase the title was changed, but the chancellor still held the lands by purchase as a substituted investment of the funds in court, and entitled to the same exemption from taxation.

The right of the city to redeem, or to enforce the lien of the assessments, having been foreclosed and extinguished by final decree and sale, no re-assessment of the same taxes on the same premises can be made under the act of March 30th, 1886, which will affect the chancellor's security, or the title of these other defendants who have purchased lots of land

from him since the sale, for full value; any other construction would prevent him from realizing the full benefit of his security. This case presents an exception to the extensive powers given to commissioners of adjustment under the above act, caused by the peculiar qualities of priority and immunity from taxation given to investments of funds in the custody of the state, made through the power and agency of its courts. The purpose and effect in this act, as defined *In re Commissioners of Elizabeth,* 20 *Vroom* 488, do not include the peculiar features of this case.

The order of the Circuit Court is affirmed.