WILLIAM C. PUGH ET AL., PLAINTIFFS IN ERROR, v. THE COMMISSIONERS OF THE SINKING FUND, DEFENDANTS IN ERROR.

The title to lands acquired under foreclosure of a mortgage to the commissioners of the sinking fund of this state is superior to the title of a purchaser under a sale made under the Martin act for taxes, some of which became a lien prior to the date of the mortgage and others subsequent thereto, the tax sale being made to satisfy the combined taxes.

---

On error to the Supreme Court.

For the plaintiffs in error, *Frederic W. Stevens.*

For the defendants in error, *William Y. Johnson.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This is an action of ejectment brought by the commissioners of the sinking fund against William C. Pugh and wife to recover possession of a lot of land in the city of Newark.

The plaintiffs below claimed title under a mortgage executed to them on the *locus in quo* July 2d, 1873, by the then owner of the premises.

The said premises were sold under a decree for the foreclosure of said mortgage and conveyed to the said plaintiffs by the sheriff of Essex county in December, 1879.

The defendants in ejectment claimed title under a sale upon an adjustment of taxes in the city of Newark made by commissioners appointed under the Martin act.   In all respects the title of the said defendants, as it appears of record, is in compliance with the provisions of said law.

Some of the adjusted taxes were a lien upon the said premises prior to the date of the plaintiff's mortgage and others of a date subsequent to said mortgage.   The sale to the defendants was made to satisfy all of said taxes.

The charter of the city of Newark gives priority to taxes over all conveyances and encumbrances prior or subsequent, but it is the settled law of this state that provisions of that character in municipal charters do not apply to mortgages made to the state, or its representatives, to secure the funds of the state invested on mortgage.   The lien of such mortgages cannot be displaced by taxes subsequently imposed. *Trustees, &c.,* v. *City of Trenton,* 3 Stew. Eq. 667 ; *Elizabeth* v. *The Chancellor,* 22 Vroom 414.

It is therefore clear that a purchaser under a sale for subsequent taxes would not acquire a title superior to that of the plaintiffs below.   It does not appear how any greater efficacy can be given to the defendant's title from the fact that the sale to him was under proceedings to make the combined prior and subsequent taxes.

The Martin act provides that, in order to redeem after sale, the mortgagee must pay the whole purchase money—that is, all liens superior and inferior to his security.

The state cannot be deprived of the right to protect its mortgage by paying the prior taxes alone, nor can its representatives be compelled, in order to enjoy the right of redemption under the Martin act, to bear a burden from which it is exempted.

According to the cases cited, this liability to pay the superior liens cannot be presumed to attach to the state's mortgage, nor can it be supposed that the legislature intended to discriminate against the state by denying to it the right of redemption when the sale will impair its rights.

The state resting under no obligation to pay the combined taxes, and no right of redemption being conferred on other terms, the purchaser at the tax sale under the Martin act does not occupy a position where he is entitled to claim priority over the state. Assuming that a sale for taxes prior to the date of the state's mortgage would supersede the title under the mortgage, the sale to produce that effect must be for such taxes only.

When a tax warrant directs a sale to be made to raise a sum larger than the whole amount due, it is a clear excess of authority, and renders the warrant, so far as it affects the land in question, null and void. *Hopper* v. *Executors of Malleson,* 1 C. E. Gr. 382; *State* v. *Mayor, &c.,* 8 *Vroom* 39.

The sale under the Martin act having been made for an amount in excess of that for which the state's title under the mortgage sale was liable, that title was not impaired or defeated by the proceedings under which the defendants claim.

The tax sale was made in accordance with the provisions of the Martin act so far as the interest of the former owner was concerned, and inasmuch as the city was not made a party to the foreclosure suit, its lien for taxes was not cut off by the foreclosure sales, and therefore the purchaser at the tax sale acquired the equity of redemption, and still has a right to redeem by paying the mortgage.

The judgment below in favor of the commissioners of the sinking fund should be affirmed.

. *For affirmance*—THE CHANCELLOR, DIXON, KNAPP, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, SMITH.    10.

*For reversal*—None.