[Civ. No. 1442. Second Appellate District.—February 14, 1914.]

KATE O. SESSIONS, Respondent, v. H. L. MILLER, Executor of the Will of Sarah Johnston Cox, Deceased, Appellant.

VENDOR AND VENDEE—SUBSCRIPTION BY VENDOR TO STREET WIDENING FUND—PAYMENT BY VENDEE.—A promise by a vendor of city lots to subscribe a certain amount to a fund for widening streets and to pay the same from funds to be received of the vendee on account of the sale of the lots, does not authorize the vendee to make the payment into the subscription fund, prior to or independently of the closing of the transaction for the sale of the lots.

ID.—VOLUNTARY PAYMENT BY VENDEE—RIGHT TO RECOVER FROM VENDOR.—And if the vendee makes such payment, he cannot, on the vendor failing to make clear title, recover from the vendor the amount so paid. Such payment is a voluntary payment, made by the vendee in the name of the vendor, for a purpose which may have been beneficial to the vendor, but which has not gone to satisfy any legal liability on his part.

APPEAL from a judgment of the Superior Court of San Diego County and from an order refusing a new trial. W. R. Guy, Judge.

The facts are stated in the opinion of the court.

Stearns & Sweet, for Appellant.

Luce & Luce, for Respondent.

CONREY, P. J.—The defendant appeals from the judgment and from an order denying his motion for a new trial.

The action was commenced against Sarah Johnston Cox to recover the sum of three hundred and five dollars alleged to have been paid by the plaintiff at the request and for the use of Mrs. Cox, the payment having been made to a fund for the widening of certain streets in the vicinity of land owned by her in the city of San Diego. Mrs. Cox died while the action was pending and the defendant executor has been substituted in her place.

It appears that on October 11, 1907, Mrs. Cox executed and delivered to plaintiff an agreement to sell to plaintiff two lots in the above mentioned tract of land for the sum of one thousand five hundred dollars, "to be paid at the Bank of Commerce upon the delivery of a deed and certificate of title made by the Abstract Title & Insurance Company." Appended to the same contract and dated on the same day is an additional agreement by Mrs. Cox as follows: "I agree to subscribe $300 to the fund for widening of Washington and Lewis streets and to pay the same with a check of the Bank of Commerce from the amount deposited to my account by K. O. Sessions." At that time there was being collected a fund paid in by various subscribers to a custodian, which moneys were to be used for the widening of said streets. It does not appear that the plaintiff was one of those subscribers, and it does not appear that Mrs. Cox made any subscription to that fund, or any agreement with reference to a subscription, other than the above quoted written promise made to the plaintiff.

On October 16, 1907, without having deposited any moneys to the account of Mrs. Cox and without any request from Mrs. Cox, the plaintiff paid to the custodian of said fund the sum of three hundred dollars, took a receipt showing that she had made that payment and that it was made for Mrs. Cox "a/c widening of Washington and Lewis streets." The plaintiff claims that her failure to pay or tender the one thousand five hundred dollars was caused by some defect in title of Mrs. Cox's property which prevented the issuance of a certificate showing clear title in the vendor; and we here assume that this claim is shown to be well founded. It is not alleged in the complaint or found by the court that Mrs.

Cox at any time ratified the three hundred dollar payment
so made by the plaintiff in her behalf, or made any promise
other than in the written terms above stated with respect to
repayment thereof.   It is claimed in argument here on behalf
of the plaintiff that the evidence shows such ratification.
The only evidence pertaining to this matter is found in the
statement of one witness who heard Mrs. Cox say to plaintiff,
"I will pay you that money, but I won't pay you until I
get good and ready"; and another witness who testifies that
Mrs. Cox told him that she was going to pay and had agreed
to pay Miss Sessions three hundred dollars for a purpose
connected with the widening of said streets.   On the other
hand, there is testimony of a witness who heard the plain-
tiff ask Mrs. Cox to pay the three hundred dollars, at which
time Mrs. Cox replied that she would not pay and did not
know why she should do so.

Manifestly the plaintiff's right herein must be determined
by the language of the written contract as made.   That con-
tract did not make Mrs. Cox a subscriber to the fund and did
not create any legal liability against her in favor of the sub-
scribers to the fund.   The promise was made in connection
with the sale of two lots to plaintiff, and it was a promise to
the plaintiff to make such subscription and to pay the same
after receipt by the vendor of the one thousand five hundred
dollars, which amount was to be paid by the plaintiff for
said lots.   Mrs. Cox promised to pay the amount herself out
of that sum to be so received.   This was not a formal but a
substantial condition of the promise.   It may well be that
Mrs. Cox did not feel able to pay such a subscription until
the sale transaction was completed and until she had received
that entire sum.   There is nothing in the language used
which can be construed as an authorization or request to
plaintiff to make the payment into the subscription fund
prior to or independently of the closing of the transaction of
the sale of the lots.   We have then a voluntary payment
made by the plaintiff in the name of the defendant, for a
purpose which may have been beneficial to the defendant, but
which did not go to satisfy any legal liability of the defendant.
Even if a payment so made had satisfied a legal liability of the
party for whom the payment was made, recovery thereof could
not be enforced.   "There can be no recovery for the voluntary

payment of the debt of a third party without request and with no promise of repayment by the party whose debt is paid.'' (*McGlew* v. *McDade*, 146 Cal. 553, [80 Pac. 695].)

The judgment and order denying a new trial in this action are reversed.

James, J., and Shaw, J., concurred.