[No. 8203. In Bank. — November 25, 1885.]

HUGH J. McGEE, APPELLANT, *v.* CITY OF SAN JOSE, RESPONDENT.

DEBTOR AND CREDITOR — UNAUTHORIZED PAYMENT FOR BENEFIT OF ANOTHER. — One person cannot without authority pay the debt of another, and charge the amount so paid against the party for whose benefit the payment was made.

ID. — CONTRACT FOR STREET WORK — LEGISLATURE CANNOT CHANGE TERMS OF — PAYMENT. — The action was brought to recover a balance alleged to be due on a contract for street work done in the city of San Jose. The contract provided that payment for the work should be made in a certain manner, in accordance with the act of March 17, 1874, incorporating the city. Subsequent to the execution of the contract, the legislature passed an act amending the charter of the city, and directing that payment of the contract price should be made to laborers and materialmen to whom the contractor might be indebted for labor or materials employed or furnished in performance of the contract, to the extent of

their claims. *Held*, that the act did not apply to the contract with the plaintiff, and that the defendant was not entitled to credit for payments made in conformity therewith without the consent of the plaintiff.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the head-note and opinion of the court.

*Houghton & Reynolds*, for Appellant.

*D. W. Herrington*, for Respondent.

MORRISON, C. J.—This is an action on a contract for street work done in the city of San Jose under a contract between the plaintiff and the authorized agent of the city. The contract price for the work was the sum of three thousand four hundred dollars, " whereof seventy per cent should be paid in gold and thirty per cent in silver coin, in the manner prescribed by law, and in accordance with an act of the legislature of the state of California, entitled ' An act to incorporate the city of San Jose,' approved March 17, 1874, by a warrant drawn upon the general fund in the treasury of said city by the mayor and common council thereof at the next general meeting of said mayor and common council after the acceptance of said work, to be paid by the treasurer of said city out of said general fund, in the proportions of gold and silver coin expressed in said agreement." The contract was entered into on the tenth day of December, 1877. The case was tried by the court without a jury, and the following findings were made and filed by the judge: —

" 1. That on the tenth day of December, 1877, the contract, exhibit A, attached to the complaint in this action, was entered into between said plaintiff and the defendant through and by the then acting street commissioner of said city.

" 2. That said plaintiff performed the work in said contract provided for, and completed the same on or about the —— day of July, 1878.

" 3. That said work and improvement was accepted by the proper authorities after its completion, and on or about the —— day of July, 1878.

" 4. That the defendant paid to plaintiff on account of said contract, in warrants on its treasurer, drawn in his favor, and which were duly paid, the following amounts at the respective dates of February 25, 1878, $300; April 1, 1878, $400; August 12, 1878, $813.05,— making the aggregate payments to him previously of $1,513.05.

" 5. That between the sixth day of July, 1878, and the sixth day of August, 1878, divers claims and statements were presented to the city clerk and filed with the mayor and common council of said city by laborers, subcontractors and material-men, who had performed labor and provided materials for said plaintiff in the performance of said contract, and which were used therein, and which said claims were each indorsed and signed by said plaintiff, and by writing indorsed on the same admitted by him to be correct, and which said claims amounted in the aggregate to $1,423.75, and which were duly paid by defendant.

" 6. That between the twenty-eighth day of June, 1878, and the seventh day of August, 1878, divers other claims and statements were presented by divers other persons, who claimed to have performed labor and furnished materials used in the performance of said contract, and were filed with the said mayor and common council and city clerk, and which claims and statements amounted in the aggregate to the sum of $736.20. That all of said last-named claims were disputed by said plaintiff, and that said disputes yet remain unsettled and are yet pending between said claimants and said plaintiff, and an action is now pending to determine the same."

"As a conclusion of law from the foregoing facts, the court finds that the defendant is entitled to judgment against the plaintiff for the costs in its behalf expended, and it is so ordered."

We do not think that the conclusion of law drawn by the court from the facts found is correct. The contract price for the work was $3,400. The defendant paid the plaintiff in person $1,513.05, and paid his creditors, who had done work and furnished materials for the improvement of the streets, $1,423.75. If the defendant is allowed credit for both of these sums, there will still remain a balance to the credit of plaintiff of more than four hundred dollars, for which he was certainly entitled to judgment.

But we are of the opinion that defendant was not entitled to a credit for the sum of $1,423.75, paid plaintiff's employees, unless he consented. The contract was to pay the plaintiff in a certain manner, and the contract was not performed by the payment of the money to plaintiff's employees without his consent.

There was nothing in the law as it existed when the contract was made authorizing such payment, and the fact that by a subsequent act of the legislature such a law was passed did not affect the plaintiff's right. The legislature could not, by an act passed after this contract was made, change its terms or authorize a performance different from that prescribed in the contract. (*Goodale* v. *Fennell*, 27 Ohio St. 426.)

It is a well-settled principle of law that one person cannot without authority pay the debt of another and charge the amount so paid against the party for whose benefit the payment was made; and we see nothing in the facts of this case which takes it out of the general rule.

If it should appear on another trial of this case that the payments to other persons than the plaintiff were made with the consent or approval of the plaintiff, they should be allowed; but we cannot see how the claims in

dispute between the parties can be allowed against the plaintiff's demand.

Judgment and order reversed, and cause remanded.

MYRICK, J., ROSS, J., McKINSTRY, J., McKEE, J., and THORNTON, J., concurred.