[S. F. No. 3901.   Department Two.—April 7, 1905.]

J. B. McGLEW, Respondent, v. JOHN J. McDADE, Administrator, etc., of Anastasia McGlew, Deceased, Appellant.

ESTATES OF DECEASED PERSONS—CLAIMS—VOLUNTARY PAYMENT.—A brother of a deceased person, who made a voluntary payment of a debt due from the decedent for professional services of a physician rendered during the last illness, without taking an assignment of the claim, and without request to make such payment, and with no promise of repayment, cannot recover upon a claim presented against the estate.

ID.—EVIDENCE—DISQUALIFICATION OF WITNESS.—One who has rendered services to the deceased cannot testify as to any matter of fact that occurred before the death of the deceased, in his own favor or in favor of an assignee.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. V. Coffey, Judge.

The facts are stated in the opinion.

Grant A. Laughlin, for Appellant.

Charles H. Hubbs, for Respondent.

COOPER, C.—Plaintiff brought this action to recover upon a claim against the estate of his deceased sister for $1,234. He recovered the sum of $364, which included the following item: "To amount paid Dr. D. E. Barger by claimant, for

professional services rendered to decedent, $325." Defendant prosecutes this appeal from the judgment and order denying his motion for a new trial, and the only dispute is as to the quoted item. It appears, from the testimony of Dr. Barger, that he performed professional services for deceased from October, 1899, to October 30, 1901, the date of her death, and that $325 was the reasonable value of said services; that he had a claim against the estate for such services, but that it was paid by plaintiff. Plaintiff testified that the doctor wanted some money and he paid him. Plaintiff did not even require an itemized bill, nor did he have any information as to the correctness of the bill. He paid it without request and as a mere volunteer. In such case the law will not allow the person making the voluntary payment to recover. The estate was not bound to accept the plaintiff as its creditor without its consent. If a claim existed in favor of Dr. Barger he should have made it out in proper form and verified and presented it to the executors of the estate for allowance, or he could have assigned it to plaintiff. In such case the law would not have allowed Dr. Barger to testify as to any matter of fact that occurred before the death of deceased. (Code Civ. Proc., sec. 1880, subd. 3.) Here he was permitted to testify in favor of plaintiff.

There can be no recovery for the voluntary payment of the debt of a third party without request and with no promise of repayment by the party whose debt is paid. (1 Parsons on Contracts, p. 471; *McGee* v. *City of San Jose,* 68 Cal. 91; *Curtis* v. *Parks,* 55 Cal. 106; *Huddleston* v. *Washington,* 136 Cal. 519.)

We advise that the judgment and order be reversed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

McFarland, J., Henshaw, J., Lorigan, J.