[Civ. No. 6523. Second Appellate District, Division Two.—February 2, 1931.]

J. J. PENDERGRASS, Respondent, v. JOSEPHINE M. AXX, Appellant.

[Civ. No. 6524. Second Appellate District, Division Two.—February 2, 1931.]

J. J. PENDERGRASS, Respondent, v. JOSEPHINE M. AXX, Executrix, etc., Appellant.

Lee D. Mathews for Appellant.

No appearance for Respondent.

THOMPSON (IRA F.), J.—Two actions were commenced in the court below by the plaintiff Pendergrass, the one against Josephine M. Axx individually for money had and received in the sum of $1200, and the other against her in her representative capacity as executrix of the last will and testament of Ada F. Brinkworth, deceased, to recover, first, the sum of $471.50, the value of certain property claimed by the plaintiff to which it was alleged the defendant asserted title; second, the sum of $3,300 for services rendered; third, $1309.60 to cover obligations of the deceased alleged to have been paid by plaintiff, and fourth, $197, being the amount of other obligations of the testator for which the plaintiff alleged he was being held responsible. The two actions were tried together, resulting in a judgment in the first action against the defendant in her individual capacity in the sum of $600, and in the second action against her as executrix in the sum of $429.14. The defendant prosecutes appeals from both judgments. By stipulation the records are presented to us by one transcript.

The respondent has afforded us no assistance, having filed no brief in support of his position. We shall, therefore, under rule V of the rules of the Supreme Court and District Courts of Appeal, accept the statement of facts as presented to us by the appellant's brief.

The nature of the two causes of action is sufficiently dissimilar to warrant our belief that to treat them separately will aid in an understanding thereof. We therefore turn to the action against appellant individually. Mrs. Brinkworth and the respondent lived together as man and wife, although unmarried, from September, 1918, to the time of her death on October 16, 1927. On May 3, 1918, an account was opened at the main office of the Security Trust & Savings Bank in Los Angeles by the deposit of $532.85 in the names of Mrs. Brinkworth and her sister, the appellant, as joint tenants. On February 24, 1924, both of them signed a statement as follows: "The within account, No. 314107, and all moneys credited to the same, or heretofore or hereafter credited thereto, is owned in joint tenancy and not as tenants in common, and shall be joint as to time, title and possession, and by mutual agreement is payable to either Ada F. Brinkworth or Josephine M. Axx whose names are signed hereto, or the survivor or survivors of them subject to the

provisions of all laws then in force. The receipt or acquittance of any one of said undersigned, to whom such payment is made, shall be a valid and sufficient release and discharge for all payments made. The bank has the right to waive presentation of the pass book by either party.'' Various withdrawals and deposits were made until on July 13, 1927, there was a balance in the account of $1941.48. On that date during a severe illness of Mrs. Brinkworth she withdrew the entire sum and placed it in an account under the names of herself or the respondent. It is to be observed that the respondent called upon and secured a gentleman from the Glendale branch of the Security Bank to go with him to the sanitarium at which Mrs. Brinkworth was being treated for the purpose of making this transfer of the account.

Thereafter the following withdrawals occurred, all in 1927: July 26, $41.98; August 29, $200; September 15, $1200; October 18, $100, and November 10, $400. Perhaps it should be added that in the joint account of deceased and appellant there was a balance of $1008.34 on September 1, 1918. The item of $1200 withdrawn on September 15, 1927, from the account of Mrs. Brinkworth and respondent was redeposited in the former joint account of appellant and her sister, the latter saying to the former at the time: ''There has been an awful blunder made out at the Glendale Sanitarium, I want this money transferred back to its original account.'' Two items of $100 were subsequently withdrawn from this reopened account before the death of Mrs. Brinkworth, but by whom the money was withdrawn does not appear. The respondent testified that when he went to live with Mrs. Brinkworth he had only $200; that they agreed that she was to maintain the house and that he was to pay the grocery bill; that he worked and turned over his check to her for that purpose and what was left ''to save it''; that they had an account with the California Bank, where money was deposited from his earnings, and also ''she was depositing them at Fifth and Spring'' (the Security Bank). However, money was withdrawn from the account with the Security Trust & Savings Bank as well as the other to pay bills.

The trial court proceeded upon the theory that the plaintiff had established a partnership fund existing between

the deceased and respondent, and apparently overlooking the $200 which was withdrawn from the joint Brinkworth-Axx account, gave plaintiff one-half thereof. The position which respondent would have to assume, were he here defending his judgment, is untenable. Let us suppose that the $1008.34 which was in the joint account on September 1, 1918, together with the interest accumulating thereon (interest was credited to the account totaling $593.77), had not been transferred from the joint account to that of respondent and deceased, could it be possible for the respondent to assert title thereto under the testimony recited? There is nothing to indicate an intention to devote the fund to that purpose, and it is manifest that under such circumstances the respondent would not be entitled to recover. It makes no difference that, perhaps by persuasion, he temporarily succeeded in inducing deceased to change the situation which she, at least partially, restored within two months. The fund remained the property of the appellant.

It is sufficient for our purpose in considering the second cause of action to point out that not only is the evidence of payment of any bill by the respondent unsatisfactory, but also there is not a scintilla of evidence from which it may be inferred that they were paid, if at all, at the request of the deceased or other than as a mere volunteer. It is a well-established rule of law that a mere volunteer cannot recover the amount of obligations paid by him. (*McGee* v. *City of San Jose*, 68 Cal. 91 [8 Pac. 641]; *McGlew* v. *McDade*, 146 Cal. 553 [80 Pac. 695]; *Stanley* v. *Westover*, 93 Cal. App. 97–111 [269 Pac. 468].)

Judgment in *Pendergrass* v. *Axx* reversed. Judgment in *Pendergrass* v. *Axx, as Executrix of the Estate of Ada F. Brinkworth, Deceased,* reversed.

Works, P. J., and Craig, J., concurred.