[Civ. No. 4485.   Third Appellate District.—September 27, 1932.]

JOHN L. COLWELL, Respondent, v. ALVINA E. GARDNER et al., Appellants.

Clyde Thomas and Wesley E. Marten for Appellants.

Ware & Ware for Respondent.

PARKER, J., *pro tem.*—This is an action by which plaintiff sought to recover from the estate of Ellen East certain money alleged to be due for services rendered decedent during her lifetime.

The case was tried with a jury and following a verdict for plaintiff judgment was entered in his favor. A motion for a new trial was made and denied and defendants appeal.

Before detailing the facts there are some preliminary points that may be considered.

■ Appellants contend that there is a fatal variance between the cause of action sued on and the claim presented to the executrices for allowance.

The point is made that the complaint alleges that the services were rendered decedent at her special instance and request while the claim presented was that the services were furnished under an agreement and contract. Hence, argues appellant, there is the variance claimed. A mere statement of the point is its own refutation, even conceding that the law requires that before an action on a claim can be maintained the claim must first be presented to the representatives of the estate.

■ The next claim of appellants is that the evidence does not support the contract alleged. The complaint alleges:

"That between August 1, 1918, and December 29, 1928, and continuously between said dates with the exception of about two months in 1925 and three weeks of July and August, 1929, plaintiff, at the special instance and request of Ellen East, rendered constant and continuous service to her, consisting of housekeeping for her, preparing her meals, nursing and caring for her and caring for her home, and during all of said period the plaintiff, at the special

instance and request of said Ellen East, furnished her groceries, meat, vegetables and fuel and supplied her home therewith and furnished at her special instance and request, for use in her home, gas, electric energy and ice; that during the time all of the said services were rendered and performed it was agreed by and between plaintiff and said Ellen East that plaintiff would perform the services and furnish the specified provisions, etc., continually during such part of the remainder of the lifetime of said Ellen East as she might require and that she would pay to plaintiff for the same the sum of $2,000 at the time of her death, and plaintiff alleges that said sum was and is the reasonable value of said services and the things so furnished and supplied.''

The complaint further alleges full performance by plaintiff; the appointment and qualification of the executrices, following the death of Ellen East; the presentation of the claim against the estate of the said decedent and the rejection thereof.

The creditor's claim presented is made a part of the complaint, and after setting forth the nature of the services rendered, as in the complaint alleged, the claim reads: ''That all of said services, provisions, fuel, gas, light and ice were furnished by claimant to deceased under an agreement and contract with her by the terms of which deceased agreed to pay claimant, at the time of her death, $2,000.00, which was and is the reasonable value thereof, and upon which nothing has been paid.''

With this review of the pleading we may now consider appellants' claim that the evidence does not support the contract as alleged. Appellants have been meager in their presentation of the record in arguing the evidence. We have, however, gone carefully over the transcript, aided by respondent, who has given us fully the testimony of the various witnesses.

With only changing the names the situation is described exactly in the case of *Warder* v. *Hutchison,* 69 Cal. App. 291, at page 298 [231 Pac. 563], being subheading No. 7 of the opinion, which we adopt as our conclusion here on this particular point.

█ Appellants' next point is as follows: If a contract was proven it was one to provide by will and not as alleged in the complaint.

The argument runs to the effect that the complaint sets out a contract of hiring by the terms of which plaintiff was to be compensated at the death of Ellen East, and that the proof shows nothing more than a contract or promise to make a will in favor of plaintiff.

Here, again, none of the evidence is presented in support of the contention, but again we have gone to the transcript. We feel it needless to go into the details of facts. In its factual structure the case differs little from the usual run of such cases and details would simply mean change of names and places. The rule announced in *Lauritsen* v. *Goldsmith,* 99 Cal. App. 671, 672 [279 Pac. 168, 170], disposes of the point now under discussion. This citation reviews the authorities to some extent. Quoting from page 675, the court says: ''In this case the respondents claim that the record of testimony does not show any express contract to compensate for the services at the termination thereof, but only an express contract to compensate by will. It is true that the testimony does not show any direct promise to pay in any other way than by will. But it has frequently been held that the law will imply such a promise where the express promise to compensate by will has failed of fulfillment.'' In the instant case there is much credible testimony tending to establish an express contract to compensate at the termination of the service, said termination being at the time of the death of Ellen East. After death the only manner in which payment could be made would be by the prior establishment of a fund or by will; excepting that the claim could be presented and paid out of the general funds of the estate. The manner of payment is immaterial as is the necessity of the creation of any specific legacy or fund.

█ Appellants next urge that if the contract was one of hiring, then plaintiff failed to show full performance.

Here we come upon a direct conflict in the evidence. There was an abundance of testimony to the effect that throughout the entire period the treatment accorded Ellen East by plaintiff was of a kindly, attentive, solicitous nature. On the other hand, certain beneficiaries under the

will, themselves strangers in blood, gave testimony to the contrary.

It might be conceded from all of the facts that Ellen East was a sickly, aged person, of nervous and irritable temperament and one most likely to find fault. It might further be conceded that at various times rather acute friction existed between plaintiff and Mrs. East, at which time, perhaps, both of them would, as it were, blow up, and reach the point of open hostility. However, as was to be expected, these spells were of short duration. Plaintiff would quit or be discharged and perhaps the next day return; in any event his return would be but a matter of a few days. This would not break the term of employment or impair the fulfillment of the contract.

So, too, with the allegations of unkindliness and neglect on the part of plaintiff. The charges of appellants were denied and the jury were fully instructed on this phase of the case. We have no inclination, restrained likewise by the rule of appellate practice, to disturb a verdict on this issue which verdict is supported by substantial evidence.

If it could be determined that at any period plaintiff ceased the performance of the contract the evidence amply supports the conclusion that such cessation was without fault on the part of plaintiff and was caused by the wrongful temporary discharge by Mrs. East.

Finally, appellants attack the instructions given and refused. While general objection is made by reference to a number of instructions, appellants point out specifically but one which is subjected to criticism, and that instruction reads as follows:

"If you find for the plaintiff under the evidence and these instructions, you should find for him in such amount as you, in your judgment under the evidence, may determine to be the reasonable value and worth of any services or supplies that you may find, from the evidence, were performed and furnished by plaintiff to Ellen East as alleged in plaintiff's complaint, not exceeding the sum of $2,000.00, the amount plaintiff has sued for and named in his complaint."

It will be noted that this instruction ties in to the other instructions through its prefacing phrase; likewise it limits

performance to that performance as alleged in the complaint. The court, in other instructions, fully instructed the jury that if plaintiff had been justly discharged and therefore did not complete his contract he could not recover anything; further, the jury were instructed that the plaintiff must have performed each and every portion of his contract before entitled to recover anything, and that wilful or gross misconduct justifying his discharge precluded his recovery.

Under the rule as announced in *Warder* v. *Hutchison,* 69 Cal. App. 291 [231 Pac. 563], we find no reversible error in the giving of the instruction. ▇ Another noteworthy thing we discover in a reading of the transcript is that the defendants requested this instruction in exactly the same words, but the court refused to give the instruction at defendant's request on the sole ground that it had been given elsewhere. This, of course, is tantamount to the court's having given the instruction at the request of defendants; hence, no claim of error could be urged.

Inasmuch as this is the only instruction offered for analysis, under appellants' contention that the setting forth of this one will suffice to show the error contained in all, we go no further on the subject of instructions given. ▇ The court refused an instruction offered by defendants as follows:

"You are instructed that if you do not believe from the evidence that the plaintiff had a contract of employment with the deceased, Ellen East, but that he did perform certain services of certain value for the deceased during her lifetime he can only recover for the reasonable value of such services as were performed within two years previous to her death."

We can see no prejudice resulting to appellants from the failure to give this instruction. The jury were instructed that if no contract of service had been shown, then plaintiff could not recover, and this seemed to be the whole theory of plaintiff's case. To have told the jury then that plaintiff could recover for the value of the services for two years preceding the death of Ellen East in the absence of a contract might have been a favorable instruction for plaintiff but its refusal could in no sense have harmed appellants. We think the proffered instruction was without the issues.

■ Appellants then claim that the court erred in its refusal to instruct the jury that if on the evidence of the case they believed that plaintiff had agreed with decedent during her lifetime to assume with her the relationship of son and mother and that he lived with her in her home in such relationship and rendered to her such services as a son would render to his mother, then plaintiff would not be entitled to recover.

There was no error in refusing such an instruction. There was no evidence in the case from which such a relationship might be inferred. There is a difference between services growing out of such a relationship and the case of such a relationship growing out of services.

Any person, under an agreement, might render services equaling those usually expected from a son or relative and yet not assume such a relationship as would negative the terms of the contract. In *Mayborne* v. *Citizens' Trust & Sav. Bank,* 46 Cal. App. 178, 183 [188 Pac. 1034, 1037], it is said: "The cases wherein such services are presumed to be gratuitous rest upon some natural or conventional obligation of mutual care and consideration, and the present instance hardly belongs to that class. Plaintiff was under no legal or moral duty to render services to Dutton. In contemplation of law they were strangers to each other, and as between such the law says that beneficial services rendered and accepted must be paid for."

Aside from this the proposed instruction leaves out of consideration the idea of contract at all. Even though the relationship had been assumed, nevertheless a legal contract could have been entered into wherein and whereby compensation was agreed upon. ■ Lastly, appellants complain of the court's admission of testimony showing the reasonable value of the service rendered. We have to some extent covered this ground, but it will suffice to add that the case of *Warder* v. *Hutchison,* 69 Cal. App. 291, 299 [231 Pac. 563], answers every contention of appellant herein.

Concluding, we may adopt the language of respondent and state that we know of no case that has found its way into the reports of either our Supreme or Appellate Courts where, in this character of a case a plaintiff's claim was so conclusively and overwhelmingly established. All of the propositions of law advanced by appellants have been

heretofore decided adversely to their contentions and the judgment appealed from, as well as the order denying a new trial, should be and each and both are affirmed.

Plummer, Acting P. J., and Thompson (R. L.), J., concurred.