[Civ. No. 9088.   Second Appellate District, Division Two.—January 17, 1935.]

ELIZABETH GARDINER, Respondent, v. VIRGINIA BURKET, Executrix, etc., Appellant.

Kyle Z. Grainger and Harry M. Irwin for Appellant.

Freston & Files and James A. McLaughlin for Respondent.

CRAIL, J.—This is an appeal from a judgment against the defendant (appellant) on an oral contract, under the

terms of which the plaintiff was to remove or demolish a dwelling from her lot in the oil field near Venice and by which defendant's decedent was to pay the reasonable value of the house. It is alleged in the complaint that the contract was entered into contemporaneously with a written lease, whereby the plaintiff leased her lot to the said decedent as a part of a community lease.

The first and principal contention of the appellant is that there was a fatal variance between the claim which was filed against the decedent's estate and the complaint, in this respect that the claim which was presented against decedent's estate described the lot upon which the dwelling was located as lot 2, block F, Ocean Strand Tract, whereas the complaint described it as lot 1. It seems that the plaintiff owned lot 1, but did not own lot 2, although said neighboring lot was also included in the community oil lease. It also is clear that the dwelling in dispute was removed from lot 1, and that the dwelling on lot 2 was not removed. The facts make it clear that the defendant was not misled by this variance. There can be no fatal variance where the variance results from a designation of a lot by number and where such designation is unnecessary in the statement of the claim or cause of action and is therefore mere surplusage. To be fatal the variance must be as to a material statement and must also have misled the defendant. This is a good case to keep in mind that technicalities were made to serve justice, not justice to serve technicalities.

Appellant's second contention is that there was a fatal variance because the respondent's claim as filed in the probate court demands payment solely for the reasonable value of the building specified therein, whereas the complaint alleges that deceased promised "that he would reimburse and pay plaintiff all damages, costs and loss caused to plaintiff by the removal of the said residence building thereon and the reasonable value of the said residence building" and seeks judgment thereon. However, the findings of fact show that the total recovery was exactly the sum found as the value of the house. Therefore, if there is a variance it had no effect upon the sum awarded in the judgment.

Appellant's next contention is that the court erred in admitting evidence of the contemporaneous oral contract

for the reason that the written lease superseded all of the negotiations between the parties and that it was error to receive evidence to vary or add to the terms of said written lease. Evidence of a contemporaneous oral collateral contract is admissible as long as the collateral contract does not conflict with the terms of the written contract, and covers a matter distinct from even though closely related to the express subject-matter of the written instrument and is not embodied therein. (10 Cal. Jur. 927; *Greathouse* v. *Daleno,* 57 Cal. App. 187 [206 Pac. 1019]; *Buckner* v. *A. Leon & Co.,* 204 Cal. 225 [267 Pac. 693]; *Linney* v. *Challacombe,* 118 Cal. App. 95 [4 Pac. (2d) 789].) In the instant case, the written lease was absolutely silent as to plaintiff's house, the removal of the same or the compensation therefor. The adjoining lessors of the community lease who were to receive the same royalties under the written lease did not demolish and remove valuable residences as did the plaintiff, nor were they under any duty to do so under the said lease, and it is obvious from a review of the record that the oral contract was separate and distinct from the written one.

Appellant also contends that there was no evidence that the decedent made the alleged agreement, that the evidence does not warrant or support the findings, and that appellant's motion for a nonsuit for lack of evidence should have been granted. We disagree with the appellant on these contentions.

Appellant contends that the court made erroneous rulings upon objections to testimony relating to value and particularly to the following: "Q. Do you know what the rental value of that property was in September, 1930, with the house situated on it? A. $125 per month, on a year's lease." This question and other questions were not proper on the direct examination, but as said before, the recovery was based solely on the value of the house and the defendant was not prejudiced by the questions and answers of which he complains.

Appellant's final contention is that evidence that respondent unlawfully removed said building was improperly rejected, and his contention is based on the theory that the contract was void and illegal for the reason that a permit to remove the house had not been obtained from the city of Los Angeles. The plaintiff made a contract with

the Schuck Construction Company as contractors to remove the house. It is not claimed that such a permit could not have been obtained, and it is apparent that the contract could have been performed in a legal manner. Certainly there is no intention disclosed in the terms of the contract itself to perform it without obtaining a permit. ''Where a contract can be performed in a legal manner as well as in an illegal manner, it will not be declared void because it was in fact performed in an illegal manner.'' (6 Cal. Jur. 100.)

Judgment affirmed.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.