[Civ. No. 9583. First Appellate District, Division One.—December 23, 1935.]

SARA ROSENBERG et al., Respondents, v. E. A. JANSSEN et al., Appellants.

Ivan N. Maroevich for Appellants.

J. J. Posner for Respondents.

McNUTT, J., *pro tem.*—"The only question for determination on this appeal is whether or not section 2924½ of the Civil Code is constitutional and retroactive" (appellant's opening brief, page 15); or, as respondent puts it, "the sole ground of appeal is the claim that Civil Code, section 2924½, applies to this case". The section follows:

"No judgment shall be rendered for the balance due upon any obligation which was secured by a deed of trust or mortgage with power of sale upon real property following the exercise of such power of sale, if exercised at any time between the effective date of this act and September 1, 1935, unless it shall affirmatively appear that the notice of breach and election to sell provided for in section 2924 of the Civil Code, pursuant to which such sale was held, was recorded at least one year before the date of such sale. This act and the provisions of this section shall be effective to and until September 1, 1936."

On October 4, 1927, defendants E. A. and Isabel Janssen executed a two-year note and trust deed for $10,000. (Tr., p. 3.) On February 3, 1928, defendants E. A., Clayton R., and Florence Ethel Janssen executed another two-year note and trust deed for $12,000. (Tr., p. 9.) On May 4, 1933, notices of breach were recorded. (Tr., p. 6, f. 17; Tr., p. 12, f. 36.) Notices of time and place of sale were posted August 9, 1933, and published August 9, 16, 23 and 30, 1933. (Tr., p. 7, f. 19; Tr., p. 13, f. 39; Tr., p. 35, f. 105.) On September 5, 1933, one parcel of property was sold for $7,000. (Tr., p. 7, f. 21.) On September 6, 1933, the other parcel was sold for $8,500. (Tr., p. 14, f. 40.) Suit for the balance remaining unpaid on both notes was filed October 2, 1933. (Tr., p. 16, f. 47.) After trial and before decision (Tr., p. 39, f. 116), the court, on February 15, 1934, vacated the submission of the cause, permitted plaintiffs to amend the complaint to allege the fair market value of the realty at time of sale, and appointed an inheritance tax appraiser. (Tr., p. 39, f. 116.) No objection to these orders was made. The requisite amend-

ment was filed, counsel stipulating it was deemed answered. (Tr., pp. 23–26.) On February 26, 1934, a further hearing was had. The appraiser reported the fair market value as $1500 above the total sale price. (Tr., p. 40,. f. 118.) Judgment for plaintiffs followed, defendants receiving all credits claimed, including said $1500. (Tr., p. 40, f. 119.)

Section 3 of the Civil Code provides that no part of the code (amendments included *Estate of Frees,* 187 Cal. 150 [201 Pac. 112]) is retroactive unless expressly so declared. The code section under examination does not so declare nor is it made applicable, in terms, to trust deeds where proceedings to sell had been commenced before August 20, 1933. Appellant argues that the section in question as applied to this particular case is not violative of the contract clauses of the respective Constitutions nor does it violate the due process clause of the Constitution because it is essentially remedial, and that legislation of that class does not impair the obligation of contracts because one has no vested right in any particular mode of procedure. As a general proposition this is true. His main reliance as to the remedial aspects of the law is based upon *Los Angeles Bond etc. Co.* v. *Heath,* 120 Cal. App. 328 [7 Pac. (2d) 1089], wherein a statute extended the time to pay street assessments. Consideration of the statute there under examination illustrates the vice of the application of the principle to the instant case. The same statute which extended the time to pay street assessments also extended the time to sue, whereas at bar it is manifest that, if the amended Civil Code section is to apply, the statute of limitations would have run against the right of the plaintiffs to sue for deficiency judgment, and, hence, a deprivation of a substantial right would have been worked. The parties to the instant proceeding incorporated the provisions of section 2924 of the Civil Code and section 692 of the Code of Civil Procedure in their contract, namely, that upon default the security could be sold within three months and twenty-one days after recordation of the notice of breach. (*Robinson* v. *Magee,* 9 Cal. 81, 84 [70 Am. Dec. 638] ; *McGee* v. *San Jose,* 68 Cal. 91, 94 [8 Pac. 641] ; *Bates* v. *Gregory,* 89 Cal. 387 [26 Pac. 891] ; *Hershey* v. *Cole,* 130 Cal. App. 683 [20 Pac. (2d) 972].)

Further, the law in force when the contracts were made provided that where the security sold for less than the amount

paid, the creditor could sue on the note to recover the deficiency. (*Sacramento Bank* v. *Copsey*, 133 Cal. 663 [66 Pac. 8, 205, 85 Am. St. Rep. 242] ; *Ley* v. *Babcock,* 118 Cal. App. 525 [5 Pac. (2d) 620].) These parties, by contract, agreed that after the default the property might be sold within a reasonably short time; to change that time to one year in the event the plaintiff desired to recover an unpaid balance, the value of the security meanwhile diminishing, would violate the contract clauses of the Constitutions. (*Barnitz* v. *Beverly*, 163 U. S. 118 [16 Sup. Ct. 1042, 41 L. Ed. 93].) So that if this statute is to be given retroactive effect it would impair the contract rights of the plaintiffs.

Kindred legislation has been declared unconstitutional in retroactive aspects in many jurisdictions. *Bankers Life Co.* v. *Canterbury,* ▮(Cal. App.) 50 Pac. (2d) 83, October 17, 1935, the Second Appellate District, Division Two, held that section 2924½ of the Civil Code does not apply to notes or trust deeds executed prior to the effective date of that act, and that to hold otherwise would impair the obligation of a contract and render this section unconstitutional. The same decision draws attention to a ruling in *Brown* v. *Ferdon*, 81 Cal. App. Dec. 1057 [46 Pac. (2d) 218], to the same effect, in which case a hearing has been granted by the Supreme Court.

Appellant urges upon the court's consideration the so-called "Minnesota Decision", wherein a moratorium statute of that state was upheld by the Supreme Court of Minnesota as by the Supreme Court of the United States, in *Home Building & Loan Assn.* v. *Blaisdell*, 290 U. S. 398 [54 Sup. Ct. 231, 78 L. Ed. 413, 88 A. L. R. 1481] ; *Blaisdell* v. *Home Building & Loan Assn.*, 189 Minn. 422 [249 N. W. 334, 86 A. L. R. 1507].

No decision is cited by appellant which sustains the right of the legislature to compel the surrender by a person of a valuable contract right (here the right to sue for a deficiency) in order to exercise other rights provided in the legislation. The Blaisdell case does not afford a parallel either by reason of the terms of the statute or decision. The Minnesota law

gives to the court the power to adapt the law to the exigencies of each particular case and the occurrence of conditions, not here claimed to exist, were there found to exist as a predicate for the application of the law, namely, acute emergency, amounting to public disaster, and adaptation in the way of postponement of the sale to meet the needs of the particular case, a finding that the fair market value of the property involved exceeded the redemption price so that a benefit would accrue to the debtor by postponement, a finding that the debtor was presently unable to meet his debt, and therefore would be benefited by the postponement, and, finally, an *ad interim* compensation to the creditor pending the delay.

There is no direct evidence that any acute emergency existed in California between the effective date of the statute, August 20, 1933, and the date of sale, September 6, 1933. No emergency is referred to in the statute, nor is the existence of such supplied by pleading or evidence. The existence of none can be inferred from the fact that the legislature permitted the ninety days to elapse between the enactment of the law and the date of this operation. The joint resolution of the legislature to which appellant draws attention as dated April 14, 1933, had reference to homes and farms and not to apartment houses wherein defendants do not reside. Evidence was produced that between August 20, 1933, and the date of sale, September 6th, there was a market for similar properties rather than that there was no market for real estate.

In *Worthen Co.* v. *Thomas,* 292 U. S. 426 [54 Sup. Ct. 816, 78 L. Ed. 1344, 93 A. L. R. 173], it is held that the Blaisdell case precluded a consideration which would permit the state to adopt as its policy the repudiation of debts or the destruction of contracts and that the ruling involved in the latter case was reasonable from the standpoint of both mortgagor and mortgagee. It will be observed that in the Blaisdell case the mortgagor was granted additional time to redeem after sale under the aforementioned conditions. In the case at bar, if the creditor was compelled to wait the statutory time to sell the security as a condition of suing for a deficiency judgment, he would in the circumstances of this case, lose his right to sue for any deficiency by reason of outlawing of the debt.

In *Central Bank of Oakland* v. *Proctor*, ▌(Cal. App.) 51 Pac. (2d) 157, November 6, 1935, and in *Bechtel* v. *Nelson,* 10 Cal. App. (2d) 66 [51 Pac. (2d) 99], it is held that section 580a of the Code of Civil Procedure is not retroactive because of failure of the legislature so to declare it, and, further, because such operation would impair contractual obligations, and that, consequently, the provisions of the section could not be invoked in determining the amount of a deficiency judgment where the note and deed of trust were executed and the trustee's sale was held prior to the effective date of the section. To the same effect *Smith* v. *Davis,* 10 Cal. App. (2d) 487 [52 Pac. (2d) 515], citing cases. In the instant case the court below did apply this section without, however, any complaint being here made by respondents, plaintiffs below, from which we conclude that the most that may be said is that appellants received if anything more credit than they were entitled to.

We therefore conclude that section 2924½ of the Civil Code has no application to the contracts in suit and that the judgment should be and is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 20, 1936, and the following opinion then rendered thereon:

THE COURT.—We are in accord with the conclusion announced in this cause by the District Court of Appeal of the First Appellate District, Division One, and upon the authority of *Brown* v. *Ferdon,* 91 Cal. Dec. 190 [54 Pac. (2d) 712], the petition for a hearing herein is denied.