[L. A. No. 18889. In Bank. May 1, 1944.]

GEORGE S. TABATA, Respondent, v. MILLARD MURANE, as Executor, etc., Appellant.

Tudor Gairdner for Appellant.

Russell H. Pray and S. J. Nordorf for Respondent.

SCHAUER, J.—This action is on a creditor's claim. Defendant appeals from a judgment entered upon a verdict awarding to plaintiff and against defendant as executor of the last will and testament of Charles W. Zorn, deceased, the sum of $8,838.43, being a portion of the amount claimed by plaintiff to have been due and owing to him by Zorn at the date of the latter's death on May 16, 1941.

Among the various grounds urged by defendant as requiring a reversal of the judgment is error in instructing the jury. At least two of the given instructions contain errors which may well have been determinative of controlling issues in the case. One of such instructions is of the dangerous formula type. It invades the province of the jury by assuming factual determination favorable to the plaintiff of the most fundamental issue in the litigation. The other of such instructions makes the same factual assumption and then, in effect, authorizes the jury to find for the plaintiff, insofar as the statute of limitations is concerned, upon an untenable hypothesis, and, in relation to the statute of frauds, upon an unenforceable contract.

■ Plaintiff and decedent apparently were the closest of friends and their transactions with each other were not conducted on a strictly business basis. The basal controversy of the litigation centers on the question as to whether monies advanced by the plaintiff to the decedent and for his account over a period of years were loans or voluntary advances. In other words, not only is the amount of the claim disputed but it is contended that no debt whatsoever ever existed as between plaintiff and the decedent. Notwithstanding such issue the following instruction was given: "If the jury believe from the evidence that the decedent Charles W. Zorn received certain sums of money from the plaintiff or that such sums of money were paid to persons or banks on his behalf, no express promise to repay such loans is necessary and if you further find from the evidence that said sums of money have not been repaid to the plaintiff then you will find for the plaintiff." This instruction invades the province of the jury by assuming the basic fact that the monies were advanced and paid *as loans* and in the circumstances of the case and the light of the other instructions approximates a directed verdict for the plaintiff. It omits entirely any qualification that the jury find that the monies were advanced or paid as loans, that the decedent promised to repay them, or that they were advanced or paid at the request of the decedent. ■ There can be no recovery for the voluntary payment of a debt of a third party without request and with no promise of repayment. (*McGee* v. *City of San Jose* (1885), 68 Cal. 91, 94 [8 P. 641]; *Huddleston* v. *Washington* (1902), 136 Cal. 514, 519 [69 P. 146]; *McGlew* v. *McDade* (1905), 146 Cal. 553, 554 [80 P. 695]; *Stanley* v. *Westover* (1928), 93 Cal.App. 97, 111 [269 P. 468]; *Pendergrass* v. *Axx* (1931), 111 Cal.App. 478, 481 [295 P. 896].) It should also be noted that the above quoted instruction ignores completely the pleaded defense of the statute of limitations. The vices mentioned are not cured by other instructions and upon the entire record we are unable to hold that the same verdict would have been reached had such instruction not been given.

■ In the second of the above specifically mentioned instructions the court advised the jury that "if you find from the evidence and under the instructions from the court that the plaintiff in this case is entitled to recover, and if you further find from the evidence that by agreement between the deceased, Charles W. Zorn, and the plaintiff herein, either

expressed or implied, that the deceased was to repay the plaintiff for these loans after his death out of his estate, then the plaintiff would be entitled to recover for the loans made during the period from January, 1935, to September, 1940, *as you may find from the evidence herein."* (Italics added.) This instruction contains at least three errors: (1) it assumes that the transactions between plaintiff and decedent possessed the character of *loans;* (2) it states the law incorrectly and incompletely insofar as the statute of limitations is concerned; and (3) it at least impliedly authorizes the jury to find for plaintiff upon a contract which, if proved, would be invalid under the statute of frauds (Civ. Code, § 1624, subd. 6).

The assumption of the character of the transactions is evident from the use of the words "for these loans." In order to make apparent the error relative to the statute of limitations it is necessary to state in more detail the issues raised by the pleadings. The complaint states three alternative causes of action, one for money loaned, one for money had and received, and one upon an open book account. The amendment to the answer pleads, among other things, subdivision 1 of section 339 of the Code of Civil Procedure (two years) in bar of certain items for which recovery is claimed in counts I (money loaned) and II (money had and received), and as to count III (open book account) pleads subdivisions 1 and 2 of section 337 of the Code of Civil Procedure (four years) in bar of "all claims thereunder arising or incurred prior to February 24, 1938." No instruction whatsoever was given by the court defining these statutory periods or the circumstances under which the pleas should be sustained. The case was submitted to the jury upon all three causes of action but only a single verdict was returned. This verdict may have been based on one, two, or all of the causes of action.

It apparently was the theory of the plaintiff, adopted by the trial court, that if the jury found that there was an agreement, *either express or implied,* between plaintiff and decedent that the monies advanced by plaintiff were to be repaid, *but only out of Mr. Zorn's estate after his death,* then the statute of limitations would not begin to run on any of the causes of action until Mr. Zorn's death. This theory, however, is untenable upon the record before us. There is no evidence showing an express contract for such deferred date of payment, and, assuming but not holding that such a

provision could ever be inferred as a term of a contract implied in fact, the evidence before us fails to establish such agreement in this case. Upon the record before us the jury could have found either that the plaintiff furnished the monies in question gratuitously or that the circumstances under which they were furnished imposed an obligation and implied a promise on the part of the decedent to reimburse plaintiff. In the latter event, however, the obligation to repay would have arisen instanter upon advancement of the money by plaintiff. The law will not imply both the promise to repay and postponement of the maturity of such obligation until death of the debtor. The only obligation which the law imposes under such circumstances is a present one; the evidence fails to establish that the parties by agreement fixed a deferred one. The plaintiff, in order to avoid the normally applicable statute of limitations, cannot now inject into the common law action for money had and received the additional fiction that the obligation to repay the money did not mature until the death of the debtor.

 *Long* v. *Rumsey* (1938), 12 Cal.2d 334, 344 [84 P.2d 146], is a case in which the plaintiff, in an action to recover the reasonable value of services rendered to a decedent, sought to avoid the bar of the statute of limitations by reliance on an *express* contract which was unenforceable under the statute of frauds. We there declared: "If the breach of the supposed contract is relied on in order to avoid the bar of the statute of limitations, which would otherwise apply, the terms of the contract must be proved in order to establish that a breach has occurred. The law cannot imply the essential terms of the contract in order to determine whether or not it has been breached, and then imply a promise to pay at the later date merely because originally the services were not gratuitously rendered. The only promise implied by law is a promise to pay based upon the equitable doctrine that the promisor, having received the benefit, should pay its reasonable value. A promise to pay at some time to become fixed in the future must be based upon the agreement of the parties and not upon a rule of law. It follows that, in any event, it was incumbent upon this respondent to clearly and definitely prove an express contract to pay for certain services at a future time." Hence the instruction was erroneous in telling the jurors, in effect, that the statute of limitations was not a defense as to any of the causes of action or as to

any parts of them insofar as "loans made during the period from January, 1935, to September, 1940," were concerned, if they found that there was an agreement, "either express or implied," between plaintiff and Mr. Zorn that the latter "was to repay the plaintiff for these loans after his death out of his estate." There was no pleading and no evidence that there was either an *express* contract or a contract in fact made by the parties embodying such a provision.

As previously mentioned, the case was submitted to the jury on all three causes of action, presumptively as to all the factual issues raised by the pleadings. Only one verdict was returned. We have no means of ascertaining whether that one verdict was based exclusively on count I, exclusively on count II, or exclusively on count III, or was related, in part or in whole, to more than one of such counts. Apparently some of the items going to make up the sum claimed were barred as to counts I and II by the statute pleaded, and, on the record before us, we cannot assume, for the purpose of avoiding the potential prejudice of the erroneous instruction, that the verdict was based exclusively upon count III and that the jurors found that all of the items included in their verdict were included in the book account. In fact, insofar as the defense of the statute of limitations is concerned, the jurors may have rested their verdict entirely on the assumption, as they could understand they were authorized to do by the instructions, that there was an agreement between plaintiff and decedent, implied merely as a fiction of the law, that the "loans" would be repaid only after decedent's death out of his estate. Such instruction, then, must be held to be prejudicially erroneous. (See *O'Meara* v. *Swortfiguer* (1923), 191 Cal. 12, 15 [214 P. 975].)

The only instruction even touching on the subject of the statute of limitations which the defendant appears to have requested (and which the court refused to give) was, "You are instructed that Section 708 of the California Probate Code . . . provides in part as follows: 'No claim which is barred by the Statute of Limitations shall be allowed or approved by the executor or administrator, or by the judge.' " Instructions specifically and fully defining the applicable periods and the circumstances upon which such law would be operative should have been requested by defendant and given by the court but inasmuch as the only instruction on the subject which was given was prejudicially erroneous, as

hereinabove shown, the defendant is not precluded from asserting that error was thereby committed. The true rule is that stated for the District Court of Appeal, as to pertinently similar circumstances, by Mr. Justice Wood (Parker) in *Colgrove* v. *Lompoc etc. Club* (1942), 51 Cal.App.2d 18, at page 24 [124 P.2d 128]: "If the law applicable to the facts of a case is stated correctly in a general charge to the jury, a party may not, in the absence of a request for a more specific or elaborate instruction, complain that a more specific or elaborate instruction should have been given. (*Townsend* v. *Butterfield* (1914), 168 Cal. 564, at 569 [143 P. 760]; *Ohran* v. *County of Yolo* (1940), 40 Cal.App.2d 298, at 307 [104 P.2d 700]; 24 Cal.Jur. 796.) In this case, however, the instructions as to the duty owing to a licensee injured by active negligence were erroneous, and plaintiff is not precluded from asserting that error was committed in instructions which were given, even though he did not request a proper instruction."

▉▉▉ The third related error noted in the instruction under discussion should already be apparent. Not only does the instruction err in respect to the statute of limitations but also it may well have been understood by the jurors to authorize recovery upon a contract which would be invalid under the statute of frauds. The instruction hypothesizes, apparently as perfectly valid, an "agreement between the deceased . . . and the plaintiff herein, either expressed or implied, that the deceased was to repay the plaintiff for these loans *after his death out of his estate.*" ▉▉▉ Section 1624 of the Civil Code provides that "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent: . . . 6. An agreement which by its terms is not to be performed during the lifetime of the promisor . . ." Contracts which are invalid under the quoted law are unenforceable. (*Hagan* v. *McNary* (1915), 170 Cal. 141, 143-144 [148 P. 937, L.R.A. 1915E 562]; *Smith* v. *Bliss* (1941), 44 Cal.App.2d 171, 175 [112 P.2d 30].) There is no contention and no evidence that the decedent subscribed any note or memorandum evidencing the claimed agreement. No instruction defining or explaining the operation of the statute of frauds was given.

▉▉▉ Another asserted ground for reversal strongly urged by defendant is the contention that the creditor's claim filed

by plaintiff does not support counts I and III of the complaint. As this question would probably otherwise arise again upon the new trial we dispose of it now. The claim filed reads as follows: "Estate of Charles W. Zorn, deceased, To George S. Tabata, Dr. Moneys held in trust, moneys had and received, 1934 to 1941, inclusive. 21,115.62." The charging allegations of the several counts of the complaint are as follows:

First count: "That within four (4) years last past . . . the plaintiff loaned and advanced to the decedent at various times during said period, at the special instance and request of said decedent, the sum of Twenty-one Thousand One Hundred Fifteen and 62/100 Dollars ($21,115.62), which the decedent promised to repay on demand."

Second count: "That within four (4) years last past . . . the decedent, Charles W. Zorn, received the sum of Twenty-one Thousand One Hundred Fifteen and 62/100 Dollars ($21,115.62) for the use and benefit of the plaintiff."

Third count: "That within four (4) years last past . . . the decedent, Charles W. Zorn, became indebted to the plaintiff on an open book account for a balance due for money lent to the decedent at his request, to wit, Twenty-one Thousand One Hundred Fifteen and 62/100 Dollars ($21,115.62), which the decedent promised to repay on demand."

Defendant concedes that the second cause thus alleged by plaintiff—that for money received—corresponds to the claim for "moneys had and received" which is set forth in the creditor's claim, but argues that the first and third causes of action—for money loaned and for a balance due on an open book account—are so widely divergent from the creditor's claim as to require a reversal of any judgment based thereon.

As a general proposition it is true that recovery cannot be had upon a cause of action which varies materially from that set forth in the written claim, and it must be conceded that there is a wide divergence in the authorities as to what constitutes a material variance in such cases. However, it appears that under the more recent decisions the variance present here is not fatal. The claim and each of the three causes of action alleged in the complaint are based upon the assertion that decedent when he died was indebted to plaintiff in the sum of $21,115.62, and the claim reasonably apprised defendant of the fact that plaintiff claimed that the decedent,

at the time of his death, held money in trust for, or was indebted to, plaintiff in the sum of $21,115.62. If defendant wished further details to enable him better to determine the justice or accuracy of the claim or what, if any, portion thereof was barred by the statute of limitations, it was for him to demand a more complete statement and proof. The statute contemplates such procedure. (See Prob. Code, § 705; *Syler* v. *Katzer* (1938), 12 Cal.2d 348, 350 [84 P.2d 137, 119 A.L.R. 422]; *Reeves* v. *Vallow* (1940), 16 Cal.2d 95, 98 [104 P.2d 1017].) In *Davis* v. *Mitchell* (1930), 108 Cal.App. 43, 50 [290 P. 887], it was held that there was "no sufficient variance between the cause of action alleging a book account, and the claim based upon the reasonable value of the services rendered, to defeat" the action of plaintiff there. And as stated by the court in *Lundberg* v. *Katz* (1941), 44 Cal.App.2d 38, 42 [111 P.2d 917], in upholding a recovery upon quantum meruit although the claim asked compensation in an assertedly agreed sum, "if the cause of action is substantially based upon the claim, and the estate has not been placed in a position of disadvantage as by lack of opportunity without additional expense, to pay or compromise the claim, the action may be maintained. The strict rule . . . that a claimant may recover only when the cause of action specifically follows the claim, has been modified." (See, also, *Warder* v. *Hutchison* (1924), 69 Cal.App. 291 [231 P. 563]; *Colwell* v. *Gardner* (1932), 126 Cal.App. 403, 405 [14 P.2d 825]; *Gardiner* v. *Burket* (1935), 3 Cal.App.2d 666, 668 [40 P.2d 279].)

In *Syler* v. *Katzer* (1938), *supra,* 12 Cal.2d 348, the question of requiring strict compliance between the claim and the pleading (or the theory of recovery) was debated by this court. Mr. Justice Edmonds, with whom Mr. Justice Seawell concurred, in a dissenting opinion declared that (p. 350) "The decision in this case sweeps aside rules long established . . . [P. 352] It has uniformly been held that the claim filed against an estate measures the right to the claimant's recovery. In other words, the claimant may not recover upon a cause of action not stated in the claim." The majority of the court held, however, as follows (p. 350): "The contention is then, that the claim was insufficient in form, and reliance is placed on such cases as *Etchas* v. *Orena,* 127 Cal. 588 [60 P. 45], and *Estate of St[e]uer,* 77 Cal.App. 584 [247 P. 211]. Without discussing these in detail, it may

be said that there is no necessity that a creditor's claim be drafted with precision and completeness of a pleading. The only requirement is that it state such facts as will apprise the executor or administrator of the amount of the demand. . . . If any uncertainty remained, it was incumbent upon the executor to call for clarification . . ." The quoted statement from the majority opinion must now be recognized as defining the true rule. All statements and implications to the contrary in the decisions cited in Mr. Justice Edmonds' dissenting opinion, i. e., *Etchas* v. *Orena* (1900), 127 Cal. 588, 592-593 [60 P. 45]; *Brooks* v. *Lawson* (1902), 136 Cal.10, 13 [68 P. 97]; *Morehouse* v. *Morehouse* (1903), 140 Cal. 88, 94 [73 P. 738]; *Pearson* v. *Parsons* (1916), 173 Cal. 336, 339 [159 P. 1173]; *Enscoe* v. *Fletcher* (1905), 1 Cal.App. 659, 661 [82 P. 1075]; *Giles* v. *Reed* (1919), 44 Cal.App. 367, 369-370 [186 P. 614]; *Estate of Steuer* (1926), 77 Cal.App. 584, 586 [247 P. 211], and in *Lichtenberg* v. *McGlynn* (1894), 105 Cal. 45, 47 [38 P. 541], and *McGrath* v. *Carroll* (1895), 110 Cal. 79, 84 [42 P. 466] (the latter two cases being additional to those cited by Justice Edmonds) must be deemed to be, and are, overruled.

Other incidents of the trial, including the giving of certain instructions and various rulings on the admissibility of evidence, assigned as error by the defendant, may not occur in the challenged form on the new trial and hence are not now discussed.

Defendant has also attempted to appeal from an order denying his motion for a new trial. Inasmuch as such order is not appealable (see Code Civ. Proc., § 963; *Hill* v. *Fricke* (1936), 5 Cal.2d 320, 324 [54 P.2d 460]), the attempted appeal therefrom is dismissed.

For the reasons above set forth the judgment is reversed.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., and Traynor, J., concurred.

EDMONDS, J.—I concur in the judgment of reversal, but for the reasons upon which I based my dissent in *Syler* v. *Katzer*, 12 Cal.2d 348 [84 P.2d 137, 119 A.L.R. 422], I would direct the trial court to dismiss the action insofar as counts I and III of the complaint are concerned.