## HELPHREY v. ROSS.

1. **Taxes:** PURCHASE BY THE STATE. Under section 811 of the Revision of 1860, when the State becomes the purchaser of lands under the foreclosure of a mortgage executed to secure school fund loaned, it takes the property purchased unincumbered by any liens for delinquent taxes; and a purchaser of the same lands from the State acquires a title free of such liens.

*Appeal from Story District Court.*

THURSDAY, JUNE 15.

ON the 10th day of September, 1862, in the District Court of Story county, a mortgage was foreclosed in favor

of the school fund of said county against Andrew and Sarah Bates, upon the N. W. of N. W. sec. 27, T. 33, R. 22, W. 5th P. M., Iowa. On the 10th day of January, 1863, said land under the foreclosure aforesaid, was sold at sheriff's sale, to the State of Iowa, for the use of the school fund aforesaid.

Afterwards, on the 26th of September, 1864, said land was sold by the State to the plaintiff in this suit, for the sum of $296.89, to whom a conveyance was made. The taxes for the years 1857–62 had not been paid by the mortgagor, and were delinquent. The taxes, also, for 1863 and 1864 had been assessed, and remained unpaid. The treasurer of said county being about to proceed to collect said taxes, this suit is brought to enjoin the same. The court, by its decree, enjoined the collection of the taxes for the years 1863 and 1864, assessed while the State owned the lands, but denied the injunc ion as to the taxes becoming delinquent whilst the mortgagor was the owner, and thereupon the plaintiff appeals.

*J. S. Frasier* for the appellant.

No appearance for the appellee.

LOWE, J. — The faith of the State is pledged to preserve the school fund intact from loss in any quarter or from any cause; hence, among other preventive means, an act was passed and approved April 2d, 1860, to protect real estate on which the school or university funds have lien from sale for taxes. The second section of said act (being § 811 of the Revision) provides: " That in all cases where real estate is mortgaged or otherwise incumbered to the school or university fund of this State, the interest of the person who holds the fee title shall alone be sold for taxes, and in no case shall the lien or interest of

1. TAXES: purchase by the State

the State be affected by any sale of such incumbered real estate made for taxes."

Under this act it is clear that the State, becoming itself the purchaser under the mortgage foreclosure, takes the land free from and unaffected by the delinquent taxes, and in selling again the land, conveys it in like free condition and discharged of all tax liens.

It follows that it would be unlawful for the treasurer of Story county to proceed to collect the delinquent taxes aforesaid as against the plaintiff, who has succeeded by her purchase to all the rights and the same interest held by her grantor.

. The judgment will be reversed and the injunction made perpetual against the collection of any of said taxes.

Reversed.