[Civil No. 285.    Filed April 18, 1890.]

[24 Pac. 182.]

TERRITORY OF ARIZONA, Plaintiff and Appellant, v. DELINQUENT TAX-LIST OF THE COUNTY OF GILA FOR THE YEAR OF 1888. L. J. WEBSTER, and E. P. MONROE, Defendants and Appellees.

1. TAXATION—ASSESSMENT—VALUATION—MORTGAGE.—Real estate is properly assessed for its full value, and no deduction should be made by reason of a mortgage.

2. SAME—MORTGAGE—INCIDENT OF DEBT—PROMISSORY NOTE HELD BY NON-RESIDENT—TAXABLE ONLY AT PLACE OF RESIDENCE.—A mortgage has no existence independent of the debt which it secures. Where the thing sought to be taxed is a debt due from a resident to a non-resident, and evidenced by a promissory note such tax is void, the *situs* of the note for the purpose of taxation being the place of residence of the owner.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Gila. William W. Porter, Judge. Affirmed as to E. P. Monroe and reversed as to L. J. Webster.

The facts are stated in the opinion.

Clark Churchill, Attorney-General, and J. B. McCabe, District Attorney, for Appellant.

Baker & Campbell, for Appellees.

The assessment against Monroe was upon personal property, —i. e. the solvent debt due him by L. J. Webster. The debt was taxable where the owner thereof resided.

"The weight of authority is with the view that the *situs* of the debt is that of its owner; that it is not property in the state of the debtor but is property only where the owner resides." Burroughs on Taxation, sec. 41; *People* v. *Eastman,* 25 Cal. 602; *Cleveland R. R. Co.* v. *Pennsylvania,* 15 Wall. 300.

SLOAN, J.—This is an appeal by the territory from the judgment entered in the district court of the county of Gila

in the action to enforce the collection of the delinquent taxes of said county for the year 1888, so far as the judgment pertains to the taxes of L. J. Webster and E. P. Monroe, appellees herein. Webster was assessed the full value of lot 1, block 86, in the town of Globe, upon which lot there was a mortgage to secure a note held by E. P. Monroe as executor, the face value of which note was two thousand dollars. The court below, upon the objection of Webster, deducted the amount of the mortgage from his assessment. This is error, as the lot was properly assessed for its full value, and no deduction should have been made by reason of the mortgage. This error was confessed by counsel for Webster at the hearing of the case in this court. The note secured by the mortgage on Webster's lot was assessed to Monroe as executor. Monroe objected in the court below to any judgment against him upon the ground that he is a resident of the state of California, and upon the further ground that the estate, of which, as executor, he holds said note, is under the jurisdiction of the superior court of the city and county of San Francisco. The court found for objectant, and entered judgment in his favor. We find no error as to this part of the judgment. A mortgage has no existence independent of the debt which it secures. In this instance the thing sought to be taxed was a debt due from a resident of Arizona to a resident of California, and was evidenced by a promissory note. The note being of that species of property which pertains to and follows the person of the holder, its *situs* for the purpose of taxation could only be at the place of residence of the owner. This is so well settled that we need only cite the following cases: *Commissioners* v. *Cutter*, 3 Colo. 350; *People* v. *Eastman*, 25 Cal. 602; *Railroad Co.* v. *Pennsylvania*, 15 Wall. 300. The judgment against the territory in favor of E. P. Monroe is affirmed, and the judgment in favor of L. J. Webster is reversed, with instructions that the court below enter its judgment against him for the full amount of taxes sued for.

Wright, C. J., and Kibbey, J., concurring.