### MORRIS v. SHAW. (No. 2844.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 2, 1924. Rehearing Denied Jan. 17, 1924.)

1. **Contracts** &#8646;279(1)—**Agreement requiring tender of bill of sale within 90 days held waived.**

Where the part owner of a drilling outfit agreed to pay a note which was secured by a lien on the other owner's interest, if the creditor would secure a bill of sale conveying the other owner's interest in the outfit to him, a condition requiring the tender of the bill of sale to him within 90 days was waived, where at the time the conveyance was tendered he was unable to make payment.

2. **Tenancy in common** &#8646;47—**Tenant cannot object to foreclosure of lien on interest of co-tenant.**

A tenant in common of personalty has no right to object to the foreclosure of a lien on the interest of a cotenant.

Appeal from District Court, Rusk County; Chas. L. Brochfield, Judge.

Action by J. G. Shaw against R. L. Morris. Judgment for plaintiff, and defendant appeals. Affirmed.

John R. Arnold, of Henderson, for appellant.

Futch & Cooper, of Henderson, for appellee.

HODGES, J. [1] On May 16, 1922, the appellee, Shaw, held the note of one C. W. Leggett for $575 and accrued interest. The note was secured by a lien on an undivided one-third interest in an oil well drilling outfit and machinery owned by Leggett, Osborne,

---

and appellant Morris. Upon the failure of Leggett to pay the note at maturity, Shaw threatened to sue and foreclose his lien. In order to prevent the foreclosure Morris agreed to pay the debt, and executed the following instrument:

"The State of Texas, County of Wichita.

"This agreement made and entered into this the 16th day of May, A. D. 1921, by and between R. L. Morris and J. G. Shaw, both of Wichita county, Tex., witnesseth:

"First. Whereas the said J. G. Shaw holds a mortgage on a one-third interest in one complete rotary rig purchased from Struve and Boechel by R. L. Morris, C. W. Leggett, and S. J. Osborne, said mortgage having been given to J. G. Shaw by C. W. Leggett to secure the payment of a note for the sum of $575, dated February 10, 1921, due in 60 days after date, drawing interest from date at the rate of 10 per cent. per annum until paid, providing for a 10 per cent. attorney's fee should said note be placed in the hands of an attorney for collection, etc.

"Second. Now therefore it is hereby agreed by and between the parties hereto as follows: The said R. L. Morris hereby agrees to pay said note, principal, interest, and attorney's fees, within three months from this date, provided the said J. G. Shaw will give to the said Morris a bill of sale to said one-third interest on that date; and the said Morris hereby agrees that he will recognize said debt of the said J. G. Shaw and his title to said one-third interest to the amount of his said debt, interest, and attorney's fees, should he receive a bill of sale to same from the said C. W. Leggett; the said J. G. Shaw agrees to endeavor to procure from the said C. W. Leggett a bill of sale to said one-third interest in said rig, and upon the payment of his said above-mentioned note and indebtedness to transfer said one-third interest to the said R. L. Morris.

"Witness our hands in duplicate this the 16th day of May, A. D. 1921.     J. G. Shaw.
                                              "R. L. Morris.
"Witness:  T. Martin."

Thereafter Shaw secured from Leggett a bill of sale conveying to Shaw the undivided one-third interest for a recital nominal consideration. The bill of sale and the above contract executed by Morris were placed in a local bank to be held subject to the order of Morris and to be delivered upon payment of the debt. When the obligation of Morris matured he was called upon for payment. He went to the bank and inspected the contract and bill of sale from Leggett to Shaw, but failed to make the payment. His failure was then explained in the following letter:

"Mr. J. G. Shaw, c/o Gulf Ref. Co., Eldorado, Ark. Dear Sir: I just received notice last evening from bank. Upon examination of the papers I find that you have failed to inclose bill of sale to me. However, I think we can arrange that matter later. I rented by rig for Bowie, but parties did not take it so it has not earned me anything. I am promised a loan next Monday which I think I will get, when I will settle. If I fail to make loan I will sell rig and settle with you as I promised to do. I am certainly wanting to close the matter up at the earliest possible date. I will let you hear from me in a day or two at the latest. I cannot learn Chas. Leggett's address. If you know, I wish you would write me. This place is certainly dead. I hope you are doing well. Eldorado seems to be the only place where there is anything doing.

"Yours truly,             R. L. Morris."

Some time later, according to Shaw, he executed and tendered to Morris a bill of sale conveying the property to Morris, and again demanded payment, which was refused. This suit was then filed by Shaw to recover the sum of $705—the principal, interest, and attorney's fees due on the Leggett note. In a trial before the court judgment was rendered in favor of Shaw for the debt and for the foreclosure of his mortgage on the undivided one-third interest formerly owned by Leggett in the oil well machinery. Morris appeals and contends that under the evidence he was not liable on his contract with Shaw, because that contract was a mere option to purchase the Leggett interest within 90 days, and was conditioned upon the tender of a bill of sale conveying to Morris the property, and this had not been done within that time.

It is manifest from the evidence that Morris was interested in preventing a foreclosure of the mortgage held by Shaw against Leggett's interest, and that in order to obtain further time in which to pay for and secure that interest Morris expressly waived the condition contained in his contract with Shaw. After writing the letter he was again called upon for payment, and, according to the testimony of Shaw, was tendered a bill of sale. Shaw further testified that he told Morris that he, Shaw, had the bill of sale from Leggett, and that it was agreed between them that he should continue to hold the Leggett mortgage against the property, and save the trouble and expense of executing another mortgage by Morris.

[2] The transaction appears to be one in which Morris agreed to pay the debt due from Leggett, provided Shaw would procure a conveyance to him of the Leggett interest. In taking the bill of sale in his own name Shaw had it in trust for Morris. It also appears that by agreement of the parties the original mortgage was to continue in force upon the property. If the testimony of Shaw be true, Morris waived the condition requiring a tender of the bill of sale to him within the 90 days. The conveyance was tendered before Morris was ready to make the payment.

Not owning the interest mortgaged Morris has no right to object to the foreclosure of the lien.

The judgment is affirmed.