## SHEAR CO. v. LUCAS et al. (No. 258.)

(Court of Civil Appeals of Texas. Waco. Oct. 22, 1925.)

1. **Joint tenancy** ⊙⟞13—**Joint owner may sell or mortgage interest without knowledge or consent of co-owner.**

Joint owner of realty has right either to sell or mortgage his interest without knowledge or consent of co-owner.

2. **Joint tenancy** ⊙⟞13 — **Party holding lien against joint owner's undivided interest may foreclose lien on debtor's interest.**

One holding deed of trust or lien against a joint owner's undivided interest in realty has a right to foreclose his lien on the debtor's interest in the property.

3. **Joint tenancy** ⊙⟞13—**Joint tenants may require interest of co-owner primarily liable for debt constituting lien to be sold first.**

Joint tenants, who have executed a deed of trust or lien to secure the individual debt of one of the joint owners, have the right in a foreclosure proceeding, to require the interest of the party primarily liable for the debt to be sold before their interest in the property is offered for sale.

Appeal from District Court, McLennan County; James P. Alexander, Judge.

Suit by W. A. Lucas against the Shear Company and two others. Judgment for plaintiff, and defendant named appeals. Affirmed.

Williamson & McDonnell, of Waco, for appellant.

Taylor & Atkinson, of Waco, for appellees.

BARCUS, J. On October 7, 1918, E. B. Tull, by warranty deed, conveyed to C. R. Tucker and E. D. Burchett 215 acres of land in Robertson county for $2,500; Burchett paying $1,250 in cash, Tucker paying $750 in cash and executing his individual vendor's lien note for $500, payable to E. B. Tull on January 1, 1920. The deed recites that one-half interest in the property is conveyed to Tucker and the other half to Burchett, and retains a lien to secure the payment of said note. At the time said sale and purchase was made, it was the understanding and agreement between the grantor and each of the grantees that the note for $500 given by Tucker should be a lien only against his undivided one-half interest in the land. Appellee Lucas wrote the deed and represented Tull in the sale of the land. By a regular chain of transfers, appellee Lucas became the owner of the note.

In November, 1922, C. R. Tucker was indebted to appellant for about $6,000, and, to secure said indebtedness and obtain further advancements, executed to appellant a deed of trust on his undivided half interest in said land. After Tucker executed said deed of trust, he filed his petition in bankruptcy, and the trustee in bankruptcy conveyed Tucker's interest in the land to appellant.

Appellee Lucas filed this suit against Burchett, Tucker and the Shear Company to recover on said $500 note, alleging the note was given by Tucker in part payment for his one-half interest in the 215-acre tract of land, and seeking a foreclosure of his vendor's lien on the entire tract, and asking that appellant's one-half interest in the land which it had purchased from Tucker be ordered sold first, and, if said half interest did not bring sufficient, that the entire tract then be ordered sold. Tucker answered, pleading his discharge in bankruptcy. Burchett answered by cross-action, claiming that the Tucker undivided half interest should be sold prior to the sale of his interest in the land. Appellant answered by general demurrer, special exceptions and special answer, to the effect that appellee Lucas was not entitled to maintain the suit to foreclose on an undivided half interest in the property, and that appellee Burchett, being a joint owner of the land, and his half interest being jointly liable for the debt, was not entitled to have appellant's half interest sold before his (Burchett's) interest was sold, and claiming that, since the note was a lien against the entire 215-acre tract, same must be sold, if at all, in its entirety.

The trial court overruled all the demurrers and exceptions of appellant. The cause was submitted to the court without a jury, and resulted in judgment being rendered in favor of Lucas for the amount due on the note, together with a foreclosure of the vendor's lien against the entire 215-acre tract, with a proviso that the undivided half interest of appellant be sold first, and that, if said undivided half interest failed to sell for sufficient to satisfy the judgment, the entire tract should then be sold. Appellant alone appealed.

[1-3] Appellant, by different assignments, contends that the judgment of the trial court is erroneous because appellee Lucas was not entitled to have a judgment ordering its undivided one-half interest sold, without having the entire tract first sold to satisfy his judgment, and because Burchett, who owns an undivided half interest in the property, is not entitled to have appellant's interest sold to discharge the joint lien on the property of Burchett and appellant. We have carefully examined the record, and overrule appellant's contention. Whether appellee Lucas, under the facts in this case, was entitled to a lien against the interest of Burchett in the land is not necessary to be and we do not determine, since Burchett did not appeal. The undisputed facts are that, at the time Burchett and Tucker purchased the land, it was the understanding and agreement of all parties at interest that the note in question should be a lien against only Tucker's undivided one-half

⊙⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

interest, and when appellant purchased the land it had actual knowledge of said facts, having been so informed by Lucas, Tucker and Burchett. It is unquestionably true that a joint owner of real estate has a right to either sell or mortgage his interest in the property without either the knowledge or consent of his co-owner. It is equally true that a party who holds a deed of trust or lien against a joint owner's undivided interest in real estate has a right to foreclose his lien on the debtor's interest in the property. Where joint tenants have executed a deed of trust or lien to secure the individual debt of one of the joint owners, in a foreclosure proceeding, the joint owners have a right to require the interest of the party who is primarily liable for the debt to be sold before their interest in the property is offered for sale. Morris v. Shaw (Tex. Civ. App.) 257 S. W. 974; Harris v. Hamilton (Tex. Com. App.) 221 S. W. 273; Bruce v. Laing (Tex. Civ. App.) 64 S. W. 1019.

The judgment of the trial court is affirmed.