[Civil No. 2962. Filed December 30, 1930.]

[294 Pac. 834.]

HAROLD STEINFELD and MARGARET DAVIS STEINFELD, His Wife, Appellants, v. STATE, Appellee.

Mr. Charles Blenman and Mr. Samuel L. Pattee, for Appellants.

Mr. K. Berry Peterson, Attorney General, and Mr. Charles L. Strouss, Assistant Attorney General, for the State.

LOCKWOOD, C. J.—This is an appeal from a judgment of the superior court of Pima county holding that a mortgage in favor of the state of Arizona was a lien on certain land superior to a tax title to the same property held by Harold Steinfeld and Margaret Steinfeld, his wife, hereinafter called appellants. The facts are not in dispute, and the only question for us to determine is as to the proper application of the law to those facts.

For some time prior to 1919 Rudolph Bachman and his wife were the owners of certain land in section 31, Tp. 19 S., R. 13 E., situated in Pima county, and certain other land in section 6, Tp. 20 S., R. 13 E., situated in Santa Cruz county. In August of that year the Bachmans applied to the state of Arizona for a loan of $5,000 from the permanent school fund, to be secured by a mortgage on all these lands, and on the sixteenth day of December the state made the loan, taking a note signed by the Bachmans therefor, and a mortgage on the lands in question securing the payment of the note. Taxes for the years 1920 to 1924, inclusive, were regularly levied and assessed on section 6, *supra*, situated in Santa Cruz county. These taxes not being paid, the state brought suit in the superior court of Santa Cruz county, making Bachman and other parties defendants, to enforce the collection of the taxes. This suit, it is admitted, was in all respects conducted according to statute and proceeded regularly to judgment. Execution was issued and the property sold under the tax judgment to appellants herein, and, no redemption being made, in due season a deed was made according to law conveying the property to them.

On May 3d, 1928, nothing having been paid either on the principal or the interest of the Bachman note above referred to, the state commenced this action in the superior court of Pima county to foreclose the mortgage. Steinfeld answered the complaint, denying that the state had any lien on the particular property sold to him under the tax sale aforesaid, and cross-complained, setting forth the nature of his title and praying for judgment quieting it as against the state. Judgment was rendered for the state, and from such judgment this appeal is taken.

There are some five assignments of error which raise one question, and that is the effect of a sale under a judgment for the enforcement of the collec-

tion of taxes as against a previously executed and recorded mortgage in favor of the state securing a loan from the permanent school fund. It is the position of the state, first, that the tax itself was illegal because the state's property is not subject to taxes; second, that a mortgage in favor of the state confers a lien superior to subsequently accruing taxes; and, third, that the money loaned and the mortgage to be enforced were subject to the trust provided by section 28 of the Enabling Act in regard to lands given by the United States to the state of Arizona at the time the latter was admitted to statehood. We consider these questions in the order stated.

It is the well-settled rule of law in many jurisdictions, among them being Arizona, that a mortgage is not a conveyance, and neither the legal nor equitable title passes to the mortgagee. On the contrary, it is nothing but a lien for the security of money or some other condition, and the title to the property remains in the mortgagor until foreclosure. 19 R. C. L., p. 311; 41 C. J. 279, and notes. The State Land Code in force at the time provided that all proceedings relating to the investment of the permanent school fund in real estate mortgages should be governed by the General Laws of the State of Arizona. Chapter 5, Second Special Session 1915, § 113. Such provision, in our opinion, means that the laws of the state relating to ordinary mortgages are to be followed in all respects with state mortgages, except where otherwise specially provided by law.

In some states only the value of the equity of the mortgagor, over and above the mortgage, is assessed to him for taxation, the value of the mortgage being assessed to the mortgagee, and in such states it is frequently held that, at a sale for the nonpayment of taxes assessed to the mortgagor, the purchaser takes only the equity of the latter, the mortgage remaining

in full force and effect, and this of course is but logical and proper under such a situation.

In Arizona, on the other hand, the law has always contemplated that property shall be assessed to the legal owner at its full cash value, regardless of whether it is subject to an encumbrance or not. *Territory* v. *Delinquent Tax List, etc.*, 3 Ariz. 179, 24 Pac. 182; paragraph 4849, Rev. Stats. Ariz. 1913, Civ. Code. It was the plain duty of the assessor to assess the entire land to Bachman at whatever he thought its full cash value was, regardless of the mortgage. There is no provision for assessing the equity of the owner in the land over and above the encumbrances as separate from the encumbrances themselves. Under such circumstances, if there should be an attempt to tax the mortgagee's interest, the latter tax would not be on the land, but on the debt. *Territory* v. *Delinquent Tax List, etc., supra.* Otherwise it would be double taxation which is forbidden by paragraph 4846, Rev. Stats. Ariz. 1913, Civ. Code. We conclude, therefore, that the state had no taxable interest in the land itself, and that the tax was not invalid as being an assessment of state property.

The second objection is that a prior mortgage in favor of the state is a lien superior to that of subsequently accruing taxes. In the absence of a statute, a tax lien ranks according to the order of its attachment to the land, in the same manner as other liens, and, had we no statute governing the matter, the state's contention would be correct. 37 Cyc. 1145; *Walker* v. *Nogales Building & Loan Assn.*, 28 Ariz. 484, 237 Pac. 1094. The legislature of Arizona, however, has full power to determine whether or not a tax lien shall be superior to other liens, so long as its determination does not impair previously existing contracts or vested rights. *Walker* v. *Nogales Building & Loan Assn., supra.* Paragraph 4845, Revised Stat-

utes of Arizona 1913, Civil Code, which was the one in force when the taxes involved in this case were levied, reads as follows:

"Every tax levied under the provisions or authority of this act upon any real or personal property is hereby made a lien upon the property assessed, which lien shall attach on the first Monday in January in each year and shall not be satisfied or removed until such taxes, penalty, charges, and interest are all paid, or the property has absolutely vested in a purchaser under a sale for taxes. Said lien shall be prior and superior to all other liens and encumbrances upon the said property."

This statute makes the tax lien superior to all other liens, making no exceptions whatever. As applied to a mortgage held by a private individual, its effect is perfectly clear, and, had the mortgage in question been of such a nature, there can be no question the tax sale extinguished it. It is urged, however, that, although there is no statutory exception of state liens, there is an implied one, and counsel for the state have cited as supporting this doctrine the case of *Trustees* v. *Inhabitants of City of Trenton*, 30 N. J. Eq. 667. We are of the opinion the position is not well taken. The old idea of sovereign prerogative was discussed by this court in the case of *In re Central Bank of Wilcox (State* v. *Lowdermilk)*, 23 Ariz. 574, 205 Pac. 915. While we did not expressly determine whether such prerogative did indeed exist in Arizona, we held that, when the legislature had indicated its intention to protect the state's right in some other manner, it must be considered as a waiver of any possible prerogative. In this case the state has provided by statute that its tax lien shall be superior to any other form of lien, making no exceptions thereto. By virtue of such law it has through its duly appointed agents and courts sold to one of its citizens, who presumably relied on its plain terms, certain lands subject to taxes. If a

private party were in the position of the state and contending that, notwithstanding such sale was for the taxes on the full value of the land and not merely on the equity of the mortgagor thereof, the purchaser took only such equity subject to the mortgage, any honest man would unquestionably consider such a contention indicated sharp practice at least, if not positive fraud. We will not hold that the state of Arizona intended to claim an inequitable privilege which it would certainly deny to one of its citizens under the same circumstances unless the language of the statute is explicit to that effect. We hold, therefore, that a tax lien on realty is superior to a prior mortgage held by the state in the same manner as it would be to a mortgage held by a private individual.

The last point urged is that the property is a trust fund set up by section 28 of the Enabling Act, and for that reason is not subject to taxation, alienation or encumbrance. It is contended that the effect of appellants' position is to enforce an encumbrance by way of a tax upon the proceeds of lands falling under the provisions of section 28, *supra*. In support of that contention we are cited the cases of *Chicago* v. *People*, 80 Ill. 384; *Helphrey* v. *Ross*, 19 Iowa 40; *Trustees* v. *Inhabitants of City of Trenton, supra;* *Cornelius* v. *State,* 40 Okl. 733, 140 Pac. 1187; *Trustees Pub. Schools* v. *Shotwell*, 45 N. J. Eq. 106, 16 Atl. 308; *State* v. *Chancellor*, 51 N. J. L. 414, 17 Atl. 942.

The position of the state would be strong were a mortgage held to create an interest in the land itself, or were only the equity of the mortgagor assessed to him. As we have pointed out this is not true in Arizona. The tax is assessed on the theory that the entire interest in the land belongs to the mortgagor and not to the mortgagee, and that the mortgage can only be taxed, if at all, as a debt, and that its situs for taxation is not where the land lies, but in the

personal residence of the mortgagee. *Territory* v. *Delinquent Tax List, etc., supra.* The reasoning in the cases concerned, though correct under the law of those states, does not apply in Arizona.

The case which applies closest to our situation is that of *Biscoe* v. *Coulter*, 18 Ark. 423. We are of the opinion that a law taxing to the mortgagor the entire value of the land upon which a mortgage for the security of the repayment of money loaned from the permanent school·fund exists does not place any tax or encumbrance whatever upon the school fund. This disposes of the questions raised on appeal.

For the foregoing reasons the judgment of the superior court of Pima county is reversed and the cause remanded, with instructions to enter judgment in favor of appellants, quieting their title to the lands purchased by them as set forth in their cross-complaint.

McALISTER and ROSS, JJ., concur.