[Civ. No. 27094.   Second Dist., Div. One.   Aug. 1, 1963.]

LOIS JUANITA THOMPSON, Plaintiff and Appellant, v. HANOVER THOMPSON et al., Defendants and Respondents.

Bernard & Jaffe and F. Filmore Jaffe for Plaintiff and Appellant.

Walter L. Gordon, Jr., for Defendants and Respondents.

LILLIE, J.—Plaintiff's action sought to cancel a deed of trust to certain designated property in the City of Los Angeles, to quiet title thereto and for a decree that defendants hold as constructive trustees thereof. She appeals from a judgment denying any relief; she has also attempted to appeal from the nonappealable order denying a new trial.

Defendant Thompson, who was never served with process (and made no appearance) is plaintiff's former husband. Title to the property in question, prior to the divorce proceedings commenced by plaintiff in July of 1958, was vested in the Thompsons as husband and wife as joint tenants. In the early part of 1959 and while a civilian employee with the United States Navy, defendant Thompson became involved in asserted criminal activities aboard ship. Attorney Walter L. Gordon, Jr., was consulted and retained, the fee agreed upon being $2,500. Defendant Cleveland, who is Mr. Thompson's sister, paid Gordon $1,000; the balance of the fee, it was further agreed, was to be paid to Gordon from approximately $2,800 in a retirement fund to which Thompson was entitled. Meantime plaintiff, upon inquiries by Thompson and Gordon, refused to execute a note in Gordon's favor to be secured by a trust deed upon the subject premises and to be in the nature of a security for the balance of Gordon's fee. On April 28, 1958, and without plaintiff's knowledge, Thompson executed a trust deed on the subject property, Gordon being named therein as beneficiary. It was recorded the following day.

The divorce proceeding, a contested matter, came on for hearing in November of 1958. Plaintiff was awarded an interlocutory judgment. This judgment, entered on January 2, 1959, decreed (among other things) that the property here

in suit was the community property of the parties and that plaintiff be awarded the equity therein as her sole and separate property; however, it was further decreed that plaintiff hold defendant Thompson harmless from any of the obligations on such property. Defendant Cleveland contends on this appeal, and the record supports her in that respect, that the existence of the trust deed was made known to the court at the time of the divorce proceeding; thus, this additional (and proposed) provision in the interlocutory judgment was stricken by the trial court: "With the exception of any of defendant's personal obligations that may have become a lien or cloud upon the title to the real property and defendant (Hanover Thompson) is ordered to hold plaintiff harmless from any of his personal obligations that may have become a lien or cloud upon title to said property." The provisions (as above stated) relating to the parties' property were finalized by the entry of the final decree on June 14, 1960.

On March 16, 1959, defendant Cleveland paid Gordon $1,500 and received from him an assignment of the trust deed and the accompanying note. Thereafter, it appears, she commenced foreclosure proceedings against the property. The present action was initiated on August 8, 1960.

██ Although the complaint in the instant action was prepared and filed by Attorney Crispus Wright, prior to trial the court granted his motion to be relieved as counsel and plaintiff was substituted in propria persona. As her first point on this appeal, plaintiff now asserts that the trial court should on its own motion have continued the matter to permit the employment of other counsel. The point is without merit. The record reveals that upon assignment to a trial department, plaintiff was told by the court that "I will order him (Wright) to come down here if you still want to have him, unless you are perfectly willing to proceed on your own behalf." And again, before the taking of any testimony, the court stated: "I want to know that you are representing yourself willingly and you will not be in here three weeks if you lose this case contending that you were imposed upon by not having counsel; that is the reason that I don't want to force you to go ahead on your own. Are you sure that you can and are willing to represent yourself?" After some further colloquy, the record reveals the following: "The Court: All right, if you are willing to proceed the record will so indicate and we will go ahead. Are you sure you want to do this now? Mrs. Thompson: Yes." It also appears that during the trial Mr. Wright appeared and told the court that

"I have very definitely advised Mrs. Thompson that she 'should have an attorney present to represent her.' " Plaintiff's present counsel conceded that during the course of the trial the court treated plaintiff "with the utmost of respect and was most solicitous of her welfare." We cannot say there was any abuse of the broad discretion necessarily given the court in these matters, or that she was denied the full and fair hearing required by law.

■ Plaintiff's next point challenges Mr. Thompson's right to execute the deed of trust without joinder by her in such execution. She points out that section 172a, Civil Code, provides that a wife must join with the husband in executing any instrument by which community real property is thereby encumbered. But the execution of the subject instrument preceded the finding at the divorce trial as to the community character of the premises which were conveyed to the parties as joint tenants. Until the intentions of the parties to create a true joint tenancy were overcome by testimony at the divorce proceeding, plaintiff's husband was entitled to sell or encumber his interest therein. ■ "One joint tenant may dispose of his interest without the consent of the other." (*Wilk* v. *Vencill,* 30 Cal.2d 104, 108-109 [180 P.2d 351].)

■ See also 13 California Jurisprudence 2d, Cotenancy, section 38, page 325: "Each cotenant, whether he be a joint tenant or a tenant in common, may sell or encumber his interest in the property forming the subject of the tenancy at his pleasure, regardless of the knowledge, consent, or approval of the other cotenants."

The argument is also made that the trial court's findings as to the character of the property were not finalized until a date subsequent to the assignment of the deed to defendant Cleveland. We do not follow such argument; if plaintiff is relying on the findings of the divorce trial, one such finding (adopted by the final decree) provides that plaintiff hold Mr. Thompson harmless from liens on the property and (by inference) from the particular lien represented by the deed in suit. No appeal was taken from the interlocutory judgment of divorce; instead, plaintiff waited until after the entry of the final decree and the pendency of foreclosure proceedings, to assert her present claims.

It is also contended that the payment by defendant Cleveland was merely that of a volunteer. Plaintiff then argues that one who voluntarily and without request pays the debt of another cannot recover it back either from the debtor or

creditor. (*McMillan* v. *O'Brien*, 219 Cal. 775 [29 P.2d 183].) She is right as to the law but wrong as to the facts. There was credible evidence that on more than one occasion Mr. Thompson contacted defendant Cleveland and urged her to take care of the balance of Gordon's fee—there were similar requests made by Gordon. "There can be no recovery for the voluntary payment of a debt of a third party *without request* and with no promise of repayment." (Italics added.) (*Tabata* v. *Murane*, 24 Cal.2d 221, 224 [148 P.2d 605].) See also *Pendergrass* v. *Axx*, 111 Cal.App. 478, 481 [295 P. 896].

■ Next, it appears that the trial court indicated its desire to have certain portions of the testimony in the divorce action read so that it could be determined whether plaintiff (who contended otherwise) knew at that time of the existence of the trust deed. The record discloses that plaintiff consented to the court's suggestion that any and all testimony in this regard be transcribed by the court reporter (at the divorce trial) and thereafter considered in connection with the issues in the present proceeding. Under the circumstances, it may not now be properly urged that such evidence was improperly received; additionally, it has been represented to us that present counsel for plaintiff, who shared the reporter's costs, directed the reporter to forward the transcript to the court for his perusal.

■ In her closing brief plaintiff for the first time raises the point that there was no consideration for the instrument in suit. This is not approved appellate practice. (*Utz* v. *Aureguy*, 109 Cal.App.2d 803 [241 P.2d 639].) The record fails to show that any such contention was made before the trial court and no such contention was made in the opening brief. It will suffice to observe, however, that a written instrument is presumptive evidence of consideration (Civ. Code, § 1614).

The attempted appeal from the order denying a new trial is dismissed; the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.