505 P.2d 1381

Ronald G. COOLEY and Dorothy A. Cooley,
his wife, Appellants,

v.

Russell J. VELING et al., Appellees.

No. 1 CA–CIV 2016.

Court of Appeals of Arizona,
Division 1.

Feb. 13, 1973.

Shultz & Worischeck, P. A., by Joseph H. Worischeck, Phoenix, for appellants.

Charles A. Stanecker, Phoenix, for appellees.

HOWARD, Judge.

Appellants, the plaintiffs below, filed a suit in superior court for foreclosure of a mortgage. The issues were joined and tried to the court which made the following findings of fact:

"That the defendants, Russell J. Veling, and Mildred L. Veling, his wife, acquired title to the following described real property on or about the 31st day of July, 1964, as joint tenants, with the right of survivorship, and not as community property or as tenants in common, to wit: Lot 9, Block 11, Northwest Village Unit Two in the City of Phoenix, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, in Book 55 of Maps, Page 14.

That the defendant, Russell J. Veling, for valuable consideration made, executed and delivered to the plaintiffs a Promissory Note bearing date the 20th day of October, 1969, in the original principal sum of $1,778.87 and did secure said Promissory Note with a mortgage on the real estate above described, which Note and Mortgage were executed by the defendant, Russell J. Veling."

The trial court then denied any relief by means of foreclosure as against the defendant Mildred L. Veling, but ordered

that the plaintiffs have judgment against defendant Russell J. Veling on the note in the principal sum of $1,778.87 together with interest and attorneys' fees. In support of its judgment the court made the following conclusions of law:

"1. An attribute of joint tenancy is that each joint tenant owns the whole thereof.

2. A foreclosure of a Mortgage executed by one of several joint tenants, is against public policy for the reason that it would permit the interest of the joint tenant who has not executed the Promissory Note and real estate Mortgage being foreclosed, to be alienated without consent."

Appellants contend that the trial court erred in not allowing foreclosure.

■ We first note that no transcript has been filed and the only facts before us are those found by the trial court. Appellees in their answering brief attempt to dispute the fact that the property was held in joint tenancy with the right of survivorship. In the joint pretrial statement filed in the trial court the appellees *admitted* that the property was held in joint tenancy. Their admission and the finding of the trial court precludes further inquiry as to the nature of their ownership.

■ In Arizona a mortgage is not a conveyance and neither the legal nor equitable title passes to the mortgagee. A mortgage is no more than a lien for security of money or some other condition. Steinfeld v. State, 37 Ariz. 389, 294 P. 834 (1930). A.R.S. § 33–701, subsec. A provides that any interest in real property capable of being transferred may be mortgaged. Although a joint tenant cannot convey an entire estate unless authorized by his co-tenants, he can transfer his interest. 48 C.J.S. Joint Tenancy § 17 (1947).

*Cf.*, Russo v. Russo, 80 Ariz. 365, 298 P.2d 174 (1956). The undivided interest of a joint tenant may be made the subject of a mortgage by him without the consent or concurrence of his co-tenants. Jacobs v. United States, 97 F.2d 784 (7th Cir. 1938), revsd. on other grounds, United States v. Jacobs, 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763 (1939); Meyer v. Wall, 270 Cal.App. 2d 24, 75 Cal.Rptr. 236 (1969); Clark v. Carter, 265 Cal.App.2d 291, 70 Cal.Rptr. 923 (1968); Thompson v. Thompson, 218 Cal.App.2d 804, 32 Cal.Rptr. 808 (1963); People v. Nogarr, 164 Cal.App.2d 591, 330 P.2d 858 (1958); People v. Varel, 351 Ill. 96, 184 N.E. 209 (1932); Shear Co. v. Lucas, et al., 276 S.W. 935 (Tex.Civ.App. 1925). That the interest of the joint tenant may be foreclosed is equally supported by law. People v. Nogarr, supra.

■ We have been unable to find any authority to support the proposition that the foreclosure of a mortgage executed by one of several joint tenants is against public policy, and appellees have referred us to none.

The interest of Russell Veling in the joint tenancy property was subject to mortgage without the consent of the other joint tenant and to foreclosure.

The judgment of the trial court, insofar as it denies appellants the right to foreclose Russell Veling's interest in the real estate in question and declares the mortgage null and void, is hereby reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two pursuant to A.R.S. § 12–120, subsec. E.