566 P.2d 315

FREMMING CONSTRUCTION CO., an Arizona Corporation, Appellant,

v.

SECURITY SAVINGS AND LOAN ASSOCIATION, a corporation, Appellee.

No. 2 CA–CIV 2292.

Court of Appeals of Arizona, Division 2.

April 14, 1977.

Rehearing Denied May 27, 1977.

Review Denied June 28, 1977.

Lesher, Kimble, Rucker & Lindamood, P. C. by E. F. Rucker, Tucson, for appellant.

Cusick, Watkins, Stewart & Harris by Donald R. Ellermann and Hugh W. Stewart, Tucson, for appellee.

## OPINION

HOWARD, Chief Judge.

This is an appeal from a summary judgment against appellant on a third party complaint. The facts show that two lawsuits, which were subsequently consolidated, were filed by various homeowners against the appellant alleging that appellant agreed to build houses for them and complete construction in the summer of 1973; that their houses were not completed until after the summer of 1973; and that as a result they were compelled to pay higher interest rates for their mortgage funds.

Appellant answered and filed a third party complaint against appellee alleging that if it were compelled to compensate the homeowners, it should have judgment for a like amount against appellee since appellee had agreed with it to make loans and mortgages at a fixed rate of interest but breached this agreement when it caused the homeowners to sign notes and mortgages at a higher rate of interest. Appellee moved for summary judgment on the grounds that the alleged oral agreement between appellant and appellee violated the statute of frauds. In particular, appellee contended below that the agreement between appellant and appellee was required to be in writing by virtue of A.R.S. § 33–701(B) which provides that a mortgage can be created only by a writing executed with the formalities required of a grant of real property and

A.R.S. § 44–101(6) which requires any agreement for the *sale* of real property or an interest therein to be in writing. The trial court granted appellee's motion for summary judgment.

A.R.S. § 33–702(A) defines a mortgage as "every transfer of an interest in real property . . . made only as a security for the performance of another act . . . .." In Arizona a mortgage is not a conveyance and neither legal nor equitable title passes to the mortgagee. *Cooley v. Veiling,* 19 Ariz.App. 208, 505 P.2d 1381 (1973). Appellant contends that since a mortgage is not a "sale" of real property or an interest therein but is merely a lien under Arizona law, A.R.S. § 44–101(6) does not apply and we should follow the case of *Martyn v. First Federal Savings & Loan Association of West Palm Beach,* 257 So.2d 576 (Fla.App.1971). We decline to do so. Instead, we choose to follow the better reasoning by Judge Cardozo in *Sleeth v. Sampson,* 237 N.Y. 69, 142 N.E. 355, 356 (1923):

". . . A contract to give a mortgage is a contract for the sale of an interest in real property within the meaning of [the statute]. No doubt the word 'sale,' when applied to such a transaction, is inexact and inappropriate. Our present statute comes to us by descent from the English statute (29 Car. II, c. 3, § 4), which speaks of 'any contract or sale of lands, tenements or hereditaments or any interest in or concerning them.' The change of phraseology has not worked a change of meaning. One who promises to make another the owner of a lien or charge upon land promises to make him the owner of an interest in land, and this is equivalent in effect to a promise to sell him such an interest. The meaning is fixed by an unbroken series of decisions. *Stoddard v. Hart,* 23 N.Y. 556; *Sprague v. Cochran,* 144 N.Y. 104, 38 N.E. 1000; *Burdick v. Jackson,* 7 Hun, 488; *Brown v. Drew,* 67 N.H. 569, 42 A. 177; *Bloomfield State Bank v. Miller,* 55 Neb. 243, 75

N.W. 569, 44 L.R.A. 387, 70 Am.St.Rep. 381; *Clabaugh v. Byerly,* 7 Gill (Md.) 354, 48 Am.Dec. 575; *Matter of Whitting, Ex parte Hall,* 10 Ch.Div. 615; *Driver v. Broad,* 1893, 1 Q.B. 744; Williston, Contracts, § 491; Page, Contracts, § 1260; Browne, Statute of Frauds, § 267."

The agreement here was within the statute of frauds.

In order to avoid the statute of frauds appellant asserts part performance and estoppel. Since its third party complaint is an action for money damages, it cannot rely on the doctrine of part performance. *Trollope v. Koerner,* 106 Ariz. 10, 470 P.2d 91 (1970). This rule does not apply, however, when the doctrine of equitable estoppel is relied upon to avoid the statute of frauds; in such a case money damages can be recovered. *Wolfe v. Wallingford Bank & Trust Co.,* 124 Conn. 507, 1 A.2d 146 (1938), cf. *Trollope v. Koerner,* supra.[1] This is so because in contrast to the doctrine of part performance, the modern estoppel in pais, although of equitable origin, is of equal application in courts of law. *Canfield v. Gregory,* 66 Conn. 9, 33 A. 536 (1895); *Wolfe v. Wallingford Bank & Trust Co.,* supra.

The doctrine of equitable estoppel would be available to appellant to preclude appellee's assertion of the statute of frauds if it acted *solely* in reliance upon appellee's alleged oral agreement to provide the mortgage funds at a stated, unmodifiable rate of interest. The affidavit of the president of appellant corporation which was filed in opposition to the motion for summary judgment, and which is not controverted, states:

"* * *

2. That, on behalf of said corporation, affiant entered into an agreement with Security Savings and Loan Association whereby said Security agreed to fund or to make mortgage loans referred to in a number of mortgage commitments wherein F.H.A. had agreed to insure certain mortgage loans to be made to pur-

---

1. Estoppel does not apply to cases involving broker's commissions, *Gibson v. Parker Trust,* 22 Ariz.App. 342, 527 P.2d 301 (1974).

chasers of Fremming constructed houses at stated interest rates.

3. That in reliance upon said agreement of Security to fund the mortgages referred to in the Third Party complaint on file herein and in the Interrogatories, Fremming Construction Co., Inc.:

a. Sold houses to persons who were to secure the agreed loans from Security.

b. Expended monies for the construction of the houses included within said agreement. * * * "

It is unclear from the foregoing portions of the affidavit whether, but for appellee's representation as to the interest rate appellant would not have undertaken to build and sell the houses, or, was effectively prevented from securing the desired type of mortgage commitment from another lending institution. Summary judgment should not be granted where there is the slightest doubt as to the facts. *Elerick v. Rocklin*, 102 Ariz. 78, 425 P.2d 103 (1967). Such being the case here, the trial court erred in granting appellee's motion.

The judgment is reversed.

HATHAWAY and RICHMOND, JJ., concur.