No. 13912

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

FIRST WESTSIDE NATIONAL BANK
OF GREAT FALLS, a National
Banking Association,

Plaintiff and Respondent,

-vs-

ALLEN R. LLERA, EDITH S. TYNES and
LINDA L. FISHER,

Defendants and Appellants.

---

Appeal from:  District Court of the Eighth Judicial District,
              Honorable Truman Bradford, Judge presiding.

Counsel of Record:

    For Appellants:

        John M McCarvel argued, Great Falls, Montana

    For Respondent:

        Jardine, Stephenson, Blewett & Weaver, Great Falls,
        Montana
        Lon T. Holden argued, Great Falls, Montana

---

                              Submitted: April 24, 1978

                               Decided: JUN 5 1978

Filed: JUN 5 1978

_Thomas J. Kearney_
                    Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court:

Defendant Allen R. Llera on September 29, 1976, borrowed $5,340.42 from plaintiff First Westside National Bank of Great Falls. Llera gave the bank his promissory note due in 90 days on December 29, 1976, and signed a security agreement describing a 1976 Mercury automobile as collateral. Llera presented the bank with a title to the automobile in the joint names of himself and Edith S. Tynes, Llera's mother. Llera obtained the title by searching through the personal papers of his mother, in her residence, and without her knowledge.

The bank never filed the security agreement with the Montana Registrar of Motor Vehicles as a lien on the automobile. Llera defaulted on the loan when he failed to pay his obligation by December 29, 1976. On January 28, 1977, Llera applied for a duplicate title for the vehicle claiming the original certificate of title (which was in the bank's possession) was lost, mutilated or illegible. The Registrar of Motor Vehicles issued a duplicate title in the name of Edith S. Tynes and/or Allen R. Llera, dated January 28, 1977. Tynes and Llera then completed the assignment portion of the duplicate title and transferred their interests to Edith S. Tynes and/or Linda L. Fisher. Linda L. Fisher is the sister of Llera and the daughter of Tynes. Fisher gave no consideration for the assignment, and was not even aware the assignment was made. The bank did not consent to the assignment of interest, although its consent was required for a valid assignment under the terms of the security agreement.

On March 28, 1977, two months subsequent to the assignment of interest in the automobile from Llera to Fisher, the bank filed a claim in District Court, Cascade County, against Llera

to recover the $5,340.42 principal, plus interest on the defaulted promissory note. The bank in its complaint requested the court to issue an order directing Llera to relinquish posses-
sion of the automobile to the bank so that/the bank could sell it. The bank then filed an amended complaint joining Tynes and Fisher as additional defendants. Tynes claimed the first time she learned of the loan, the note, and the security agreement executed by Llera, was when the bank's assistant vice-president in the loan department notified her on February 22, 1977.

After a show cause hearing, the District Court ordered Tynes and Fisher to deliver the automobile to the bank by May 31, 1977 for sale, with the proceeds of sale to be divided equally between Tynes and the bank. Tynes and Fisher appeal from the court's order and allege three specifications of error in their appeal from the District Court order:

1. Did plaintiff bank have a valid security interest in the automobile?

2. Did the District Court err in ordering that the vehicle itself, rather than merely Llera's one-half interest in the vehicle, be sold to satisfy Llera's debt?

3. Did the District Court err in declining to award attorney fees to Tynes and Fisher?

The first consideration is that the certificate of ownership for the 1976 Mercury automobile held by the bank on making the loan was an "and/or" title, that is, the original certificate of ownership was issued showing the owners to be "Edith S. Tynes &/or Allen R. Llera." There appears to be little or no statutory authority for the proposition that an "and/or" title is one creating a joint tenancy estate with right of survivorship.

- 3 -

Section 67-307, R.C.M. 1947, provides that the ownership of property by several persons is either a joint interest, a partnership interest, or an interest in common. It is further provided in section 67-308, R.C.M. 1947, that

> "A joint interest is one owned by several persons in equal shares, by a title created by a single will or transfer, <u>when especially declared in a will or transfer to be a joint tenancy</u> * * *."
> (Emphasis added.)

It is then provided in section 67-313, R.C.M. 1947, that every interest in property created in favor of several persons in their own right is an <u>interest in common</u> unless for a partnership, or unless declared in its creation to be a joint tenancy interest.

The essential ingredient in a joint tenancy estate is the right of survivorship. Yet it is difficult to find in the phrase "and/or" an intent that the survivor shall be entitled to the whole of the property. Nonetheless it has come to be widely accepted, particularly in the consumer goods industry, that ownership documents which carry the names of two or more persons with the phrase "and/or" does in fact create a joint tenancy estate. Moreover, this Court held in Marshall v. Minlschmidt, (1966), 148 Mont. 263, 269, 419 P.2d 486, that the names of three owners shown on a recorded cattle brand, joined by the word "or", was in fact a joint tenancy interest in the brand, and therefore of the cattle bearing such brand.

Following <u>Marshall</u>, therefore, we may assume that in Montana an ownership document showing title in two or more persons "and/or" has the effect of creating a joint tenancy estate with right of survivorship. This applies to personal property, not real estate. See: Section 67-310, R.C.M. 1947.

Next, we consider the nature of the interest of the joint tenants in the joint tenancy property. The statute creating

- 4 -

joint tenancies in Montana mandatorily states that "A joint interest is one owned by several persons in equal shares * * *." Section 67-308, R.C.M. 1947. The effect of the statute is to include all of the incidents of a joint tenancy estate at common law. Hennigh v. Hennigh, (1957), 131 Mont. 372, 377, 309 P.2d 1022.

Thus, accepting the "and/or" title as having created a joint tenancy in this case, the legal result is that Allen R. Llera owned an equal share in the automobile, and the right of survivorship with his mother.

To obtain a valid security interest in Llera's interest in the automobile, the bank had to satisfy the three requirements of section 87A-9-204(1), R.C.M. 1947. First, there had to be an "agreement" between the secured party and the debtor that the secured party would take a security interest in the property; the security agreement which Llera signed satisfied this requirement. Second, the bank has to give "value" for the security agreement; the loan by plaintiff bank to Llera satisfied this requirement. Third, the debtor has to have "rights in the collateral"; here Llera was a joint owner of the automobile.

The bank's security interest in the vehicle was unperfected because it did not record the lien. When Llera fraudulently obtained a duplicate title to the vehicle and purported to assign his joint interest in it to his sister Linda Fisher, she did not take free of the bank's security interest. For the reason Llera made the assignment to Fisher gratuitously and without her knowledge, she was not a buyer "for value" under section 87A-9-307, R.C.M. 1947. Only buyers for value without knowledge of the bank's security interest, or subsequent secured creditors who recorded their liens prior to the bank, would take priority over the bank's unperfected security interest.

The next consideration is the legal effect of the loan and subsequent default upon the joint tenancy estate in the automobile. When Llera made the loan, he did not execute the assignment portion of the title instrument. Therefore the unity of title as between Llera and his mother was not broken by Llera's act at that point. Upon his default however, the bank under its security agreement became entitled to the interest of Llera, and the joint tenancy interest of the son and the mother was severed. There no longer was a title "created by a single * * * transfer." Section 67-308, R.C.M. 1947.

The mother and the bank, on Llera's default, became tenants in common in the ownership of the automobile. Section 67-313, R.C.M. 1947. It was this cotenancy in common which the District Court had before it when it ordered the automobile sold and the proceeds divided. 2 American Law of Property (1952) §6.2. The right of one cotenant in a joint tenancy estate to mortgage or encumber his interest in the joint tenancy property is recognized in Thompson v. Thompson, (1963), 218 C.A.2d 804, 32 Cal.Rptr. 808, 810. Upon default, the one-half interest of Llera, statutorily mandated, thereupon transferred to the bank. In that situation, even in an equitable proceedings such as a partition action, although the automobile was paid for by the mother, and almost exclusively used by her, the bank became entitled to one-half of the proceeds of the sale of the automobile.

The bank, in the District Court, did not follow the statutory procedure for partition of personal property. Section 93-6301.2, R.C.M. 1947. Instead, through a show cause proceeding the District Court ordered the automobile sold. While it might be preferable that the matter be handled through an action for partition, it appears the result is the same. In the interest

of judicial economy we find the order of the District Court should be affirmed.

Fisher and Tynes may not recover attorney fees under section 93-8601.1, R.C.M. 1947, which provides that when one party to a contract has a contractual right to attorney fees in actions brought upon the contract, all "parties to the contract" shall have reciprocal rights to attorney fees. Here the bank sued upon its contract with Llera. The bank and Llera were the only parties to the contract. Since Tynes and Fisher were not "parties to the contract" sued upon by the bank, they could in no event become entitled to attorney fees under section 93-8601.1, R.C.M. 1947.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_Frank I. Haswell_
Chief Justice

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_
Justices.

- 7 -