MR. JUSTICE WEBER,
dissenting:
I respectfully dissent from the majority opinion. While this dissent adds no authority, I trust it will help to raise questions not yet answered by the majority opinion and Justice Morrison’s dissent. For clarity in the discussion, following is Exhibit 6, the signature card for this account:

*243

*244 In a number of the decisions of this Court discussing bank accounts, the account cards indicated an express intention to create a joint tenancy with right of survivorship. The foregoing only indicates an intent to establish a “Joint” account.
Section 32-1-442, MCA, in substance provides that when a deposit is made payable to either of two persons, such deposit may be paid to either of such persons, whether living or not. As a result, from the Bank’s standpoint, this account is treated as a joint tenancy with right of survivorship.
In contrast, section 70-1-307, MCA, in substance provides that a joint tenancy is one owned by several persons in equal shares by a title created by a single transfer when expressly declared in the transfer to be a joint tenancy. The signature card does not contain a declaration of intent to create a joint tenancy. In a similar manner, section 70-1-314 in substance provides that every interest created in favor of several persons is an interest in common unless declared in its creation to be a joint interest as provided in section 70-1-307, MCA. These code sections suggest that the account in question should be classed as a tenancy in common.
However, in Marshall v. Minlschmidt (1966), 148 Mont. 263, 419 P.2d 486, this Court concluded that a brand with an “or” designation established a joint tenancy. Following is the form of ownership and conclusion of the Court:
“The ownership of the brand as of December 7, 1954, was in the name of ‘Wm. L. or Etta M. Minlschmidt or Vern Field . . .’ Then, on July 10, 1958, during the deceased’s last illness, the brand was transferred to the names of ‘Wm. L. or Etta M. Minlschmidt . . .’
“The recorded brand signifies a joint interest in the brand, the several persons having equal shares. Section 67-308, R.C.M. 1947. [Now section 70-1-307, MCA.]”
Marshall was subsequently followed by this Court in First Westside Nat’l Bank v. Llera, Tynes & Fisher (1978), 176 Mont. 481, 580 P.2d 100. There the Court concluded that following Marshall, in Montana an ownership document showing title in two or more persons “and/or” has the effect of creating a joint tenancy estate with right of survivorship. This applied to personal property, not real estate. The Court then considered the nature of the interest of a joint tenant in joint tenancy property and referred to what is now section 70-1-307, MCA, to conclude that the effect of the statute is to include all of the incidents of a joint tenancy estate at common law. The Court then stated:
*245 “Thus, accepting the ‘and/or’ title as having created a joint tenancy in this case, the legal result is that Allen R. Llera owned an equal share in the automobile, and the right of survivorship with his mother.”
The foregoing cases have not been overruled.
Based on the foregoing authority, I conclude that we must class the present bank account as a joint tenancy bank account, with each of the two account holders having all of the rights of joint tenants with right of survivorship.
Our next consideration is the effect of the levy of execution upon the interest of Mark D. Coe in the joint account. As pointed out, section 32-1-442, MCA, clearly gives to Mark D. Coe the right to withdraw all of the funds from time to time in the account, and obligates the Bank to pay any amounts drawn from the account by him. That code section was construed in Ludwig v. Montana Bank & Trust Co. (1939), 109 Mont. 477, 98 P.2d 379, where the Court was faced with the withdrawal of all of the funds from an account by one joint party without the consent of the other. The Court cited with approval Hill v. Badeljy, 117 Cal.App. 598, 290 P. 637, 640 (1930) stating:
“ ‘The question involved in cases of this character is the intention of the parties making the deposit, and where such intention is evidenced by a written agreement, as was done in the case at bar, this question of intention ceases to be an issue, and the courts are bound by the written agreement . . . Furthermore, in any action between the depositors or the bank during the lifetime of both depositors, in the absence of fraud or mistake, parol evidence is not admissible to change the terms of the legal effect of such a written instrument where it is in no respect uncertain or ambiguous.’ ”
There is no evidence in the record to indicate any contrary intent on the part of the parties.
I would conclude that the execution creditor can properly attach all of the funds in the bank account in the same manner that Mark Coe could have withdrawn all of the funds from the same account.
MR. JUSTICE HUNT joins in the foregoing dissent.