JUSTICE TRIEWEILER,
specially concurring:
I concur with the opinion of the majority.
I disagree with the conclusion of the dissenters that 70-1-306, MCA, requires use of the word “tenancy” in order to create a joint ownership in property with rights of survivorship. My interpretation of 70-1-306, MCA, is that joint forms of ownership must be designated as joint ownership, as opposed to some other form of ownership. That is exactly what the signature card signed by Gary Seman and Judy Lewis did. I am satisfied that the legislature intended nothing so literal as suggested by the dissenters in this case.
However, neither am I in accord with everything that is said in the majority opinion.
I believe that the result arrived at by the majority is required by our earlier decision in First Westside National Bank v. Llera (1978), 176 Mont. 481, 580 P.2d 100. In that case, we addressed the form of ownership for an automobile where the certificate of ownership indicated that the owners were “Edith S. Tynes and/or Allen R. Llera.” There was no language indicating that the automobile was owned in “joint tenancy.” However, we held that:
[It] has come to be widely accepted, particularly in the consumer goods industry, that ownership documents which carry the names of two or more persons with the phrase “and/or” does in fact create a joint tenancy estate. Moreover, this Court held in Marshall v. Minlschmidt (1966), 148 Mont. 263, 269, 419 P.2d 486, that the names of three owners shown on a recorded cattle brand, joined by the word “or,” was in fact a joint tenancy interest in the brand, and therefore of the cattle bearing such brand.
Following Marshall, therefore, we may assume that in Montana an ownership document showing title in two or more persons “and/or” has the effect of creating a joint tenancy estate with right *514 of survivorship. This applies to personal property, not real estate. See: 67-310 R.C.M. (1947).
First Westside National Bank, 580 P.2d at 103.
In this case, the signature card indicated that the owners of the account were “Gary Seman or Judy Lewis.” In addition, the owners made a conscious indication on that card that ownership of the account was “joint.” The owners did more than was required in the First Westside National Bank case to establish ownership of this account in the form of a joint tenancy.
An apparently inconsistent result was arrived at in the case of University of Montana v. Coe (1985), 217 Mont. 234, 704 P.2d 1029. However, nowhere in the majority opinion of the Coe decision is First Westside National Bank discussed, overruled, or modified. The only reference to it is in Justice Weber’s dissent where he discusses both the Marshall and First Westside National Bank cases and then concludes as follows:
The foregoing cases have not been overruled.
Based on the foregoing authority, I conclude that we must class the present bank account as a joint tenancy bank account, with each of the two account holders having all the rights of joint tenants with right of survivorship.
Coe, 704 P.2d at 1036-37 (Weber, J., dissenting).
I agree. I would follow the First Westside National Bank case, and to the extent that the Coe case is inconsistent, I would overrule that decision.